THE STATE v. CONLEE *et al.*

I. Per CURIAM.

1. **Criminal law: INDICTMENT.** An indictment against C. and eleven others, members of the board of supervisors of the county of W., for willful misconduct in office, in ordering the erection of bridges at a cost of more than $5,000, without first submitting a proposition therefor as provided by statute, alleged that they, the said C. and others, on, etc., in, etc., being the supervisors of said county, and convened in session as the board of supervisors, wrongfully, unlawfully and willfully did order the erection of three separate bridges, exceeding a cost of $5,000 each, and did willfully appropriate therefor of the public money, etc., without submitting a proposition therefor to the voters of the county, contrary to the statute and in violation of their official duties. But no express allegation was made that defendants voted for the order. *Held*, that the indictment was not against the board, but against the members thereof for their individual acts, and that, when fairly construed, it alleged that all of the defendants named did, and concurred in doing, the illegal acts charged in the indictment.

2. —— **SUFFICIENCY OF INDICTMENT.** An indictment is sufficient in which the offense charged is stated in such a manner as to enable a person of common understanding to know what is intended. It was accordingly held in the present case that it sufficiently appeared from the indictment that the defendants were duly elected, and legally organized and convened in session as the board of supervisors of the county of W.

3. —— BOARD OF SUPERVISORS. The ordering of the erection of a bridge at a cost of more than $5,000, by a board of county supervisors, without first submitting a proposition therefor to the voters of the county, is the doing of an act prohibited by statute within the meaning of section 4302 of the Revision, and renders the members of the board voting for the order indictable under said section for a misdemeanor.

4. —— STATUTORY LANGUAGE NEED NOT BE FOLLOWED. In charging an offense, it is not necessary to follow the language of the statute; the use of equivalent language is sufficient.

## II. Per WRIGHT, J., dissenting.

5. ——. The indictment was insufficient in that it did not charge that the defendants, nor any of them, *voted* for the order. This fact would have to be shown before a conviction could be had, and if no more was proven than alleged, the prosecution would fail. But, aside from this view, the offense charged is not indictable.

*Appeal from Webster District Court.*

WEDNESDAY, JULY 1.

INDICTMENT for willful misconduct in office. The defendants filed a demurrer, which was sustained by the District Court. State appeals.

*H. O'Connor*, Attorney-General, for the State.

No appearance for the appellee.

COLE, J.—The indictment is as follows: "The grand jury of the county of Webster, in the name and by the authority of the State of Iowa, accuse Josiah Conlee, John Wilson, A. Graves, G. T. Richey, John Linn, N. H. Hart, A. S. White, C. C. Carter, D. C. Russell, D. W. Prindle, C. W. Maher and J. M. Henderson, of the crime of willful misconduct in office in ordering the erection of bridges at a cost of more than $5,000 each, without first submitting a proposition therefor to the legal voters of

said county; committed as follows: The said Josiah Conlee and others (naming them), on the 4th day of September, A. D. 1866, in the county aforesaid, then and there being the supervisors of the county of Webster, in the State of Iowa, and being convened in session as the board of supervisors of said county, wrongfully, unlawfully and willfully, did order the erection of three several bridges within the limits of said county, at a cost exceeding the sum of $5,000 each, and then and there, wrongfully, unlawfully and willfully, did appropriate, of the public money of said county, the sum of $5,000 each, for the erection of three several bridges within the limits of said county, and the further sum of $5,000 each, for the abutments and trestle work on said bridges, being a part, parcel and portion of said bridges, without first submitting any proposition therefor to the legal voters of the county of Webster, contrary to the prohibition of the statute in such cases made and provided, and in violation of their official duties."

The defendants demurred, because, first, the indictment is against the board, and not against the members thereof. for their individual acts; second, it does not show that the members were duly elected, or legally organized or convened in session; third, it charges no crime known to our laws; fourth, it charges the offense too indefinite to enable defendants to plead it in bar of another indictment for the same offense; fifth, it is too indefinite, in that it does not charge, that each individual member was duly elected, and in his official capacity did willfully vote for the order complained of; and, sixth, it does not show that the bridges ordered to be erected would probably cost over $5,000 each. The sustaining of this demurrer is the only error assigned.

We will consider the grounds of demurrer in the order in which they are made. As to the first, a bare reading

of the indictment will show that this ground of demurrer is made upon a mistake of fact. The indictment does accuse the defendants, by name and individually, of willful misconduct in office. They could not be guilty of the offense specified, except by their individual acts, and when in session as the board of supervisors. They are, therefore, charged individually with the acts done by them when convened in session as a board. Of course it would be a complete defense for any one of the defendants to show that he did not vote for the order complained of. While the defendants could not commit the offense charged, except when convened as a board, each individual member is answerable only for his own act when thus convened. As it would take a majority of the members present to pass the order for the erection of the bridges, and the appropriation of the money, it would follow that a minority could not be guilty of the offense charged, although they should individually vote for the order. The offense may, in this particular, be likened to a riot, which cannot be committed by one person alone, and hence that one person cannot be guilty of riot, although he should do the very acts, which, if done in connection with other persons, would make him guilty. The offense charged in this indictment cannot be committed by one, nor less than a majority when convened. Therefore, one may do the very act, vote for the prohibited order, without being guilty, which, if done in concert with others making a majority, would make him guilty of the offense set out in this indictment. Whether a minority might not be guilty of an " attempt " to commit the offense, we need not inquire. What we hold on this point is, that this indictment is against the individual members of the board for their individual acts; and that, by a fair construction, it alleges that all of the defendants

named did, and concurred in doing, the illegal acts charged in the indictment.

As to the second ground of demurrer, it may be answered that since the indictment alleges that the de- 2. —— suf- fendants then and there being the supervis- ficiency of indictment. ors of the county of Webster, in the State of Iowa, and being convened in session as the board of supervisors of said county, it does appear therefrom " in such a manner as to enable a person of common understanding to know" that it is intended to charge that they " were duly elected, legally organized as a board, and legally convened at a legal session." Under our statute this is sufficient. Rev. § 4659, subdiv. 5.

The third ground of demurrer is, that the indictment does not charge any crime known to our laws. It must 3. —— board of be admitted that we have no single section of supervisors. statute which defines the offense charged in the indictment. But it does not follow from this that our statute does not define and punish the offense charged.

It is made the especial duty of the grand jury to inquire into the willful and corrupt misconduct in office of all county officers. Rev. § 4632, subdiv. 3. And supervisors are county officers. Rev. § 302, *et seq.* It is enacted by Revision, section 312, subdivision 23," That it shall not be competent for said board of supervisors to order the erection of a court-house, jail, poor-house or other building or bridge, nor the purchase of real estate for county purposes, where the probable cost will exceed five thousand dollars (see Laws of 1866, p. 80), until a proposition therefor shall have been first submitted to the legal voters of the county, and voted for by a majority of all voting for and against such proposition at a general election." * * There is then this provision (Rev. § 4302) " Where the performance of any act is prohibited by any statute, and no penalty for the violation of such statute is imposed,

the doing of such act is a misdemeanor." And the next
section prescribes the penalty for such misdemeanor, of
imprisonment in the county jail not more than one year, or
fine not exceeding five hundred dollars, or both. By these
sections we have the prohibition of the act charged in
the indictment to have been done by the defendants; the
declaration that the doing of such prohibited act is a mis-
demeanor, and the penalty therefor prescribed; as well as
the duty specially enjoined upon the grand jury, to inquire
into such offense by those defendants, and present indict-
ment therefor. We therefore conclude that there is such
an offense known to our laws, and that the third ground
of demurrer is not well taken.

As to the fourth ground, that the description of the
offense is not sufficiently distinct to enable defendants to
plead this indictment in bar to a subsequent one for the
same offense, we have only to say, that it does not appear
how the offense could be charged more definitely. It is
sufficient, under our law, if the act or omission charged as
the offense is stated with such a degree of certainty as to
enable a person of common understanding to know what
is intended. Rev. § 4659, subdiv. 5. It seems to us
that this degree of certainty is attained in this indict-
ment, and that it is, therefore, sufficient in this particular.

The fifth ground of demurrer, as set out by the defend-
ants, is as follows: " To charge a member of a board, it
is necessary to allege in the indictment, and prove, that
each individual member was duly elected and qualified and
acting as such member in his proper official capacity, did
willfully vote for the act complained of; and the action
of the board can in no manner affect one who did not sus-
tain such action and in this indictment no such specified
charge is made against each member of the board."

To allege, as does the indictment, that the defendants,
then and there being the supervisors of the county of

The State v. Conlee.

Webster, in the State of Iowa, and being convened in session as the board of supervisors of said county, wrongfully, unlawfully and willfully, did order the erection, etc.," is stating in ordinary and concise language the substance of what is claimed to be necessary by this ground of demurrer, in such manner as to enable a person of common understanding to know what is intended.

This is all that is necessary, and is quite as well as the great prolixity of the style suggested by the demurrer. It is true, that the action of the board cannot affect one who did not sustain it by his vote. The penalties and punishments prescribed by our criminal statutes are not visited vicariously under our laws. That a member did not vote for the orders would be a good defense, but it must be made by proof; it cannot be shown by demurrer.

As to the sixth cause, it is sufficient to state, that the indictment alleges the actual appropriation of $10,000 to each of the bridges. While this is not the precise language of the statute, it is very certainly equivalent to an allegation that said bridges would "probably cost over $5,000 each." The language of the statute is not necessary, equivalent language is sufficient.

4. —— statutory language need not be followed.

The judgment of the District Court is, therefore, reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

　　　　　　　　　　　　　　Reversed.


Wright, J. (dissenting). — A *careful*, I will not say *bare*, reading of the indictment will show that the first point ruled in the foregoing opinion, is made upon a mistake of fact. The argument made in its support is, to my mind, the clearest proof of my proposition. It concedes in effect that, if no more was established by proof than is averred in the indictment, the prosecution

would fail. In other words the State must show in order to commit any one of those charged, that he voted for the appropriation. It would not do to show that the *board as such* made the order. And hence though the records of the board should be introduced showing that the appropriation was made — but not showing who voted for the same — and there was no proof beyond this (I leave out of view any question of willfulness), there could be no conviction, if I understand what is said under the first and fifth points of the foregoing opinion. To hold that this indictment charges that *all of those named* voted for this appropriation, it seems to me, is doing violence to its language. It charges that these defendants (naming them) on, etc., at, etc., " then and there being the supervisors of, etc., and being convened in session as the board of supervisors of said county, wrongfully, unlawfully and willfully did order the erection, etc." If they constituted the board (and this is certainly the fair inference from the language used), then a majority could make the order, and the language used would be as fully met as to say that it charges all with voting for it. But who " did wrongfully, unlawfully and willfully " make the order? I answer, these defendants as the *board of supervisors* " being convened and sworn." Now, *as supervisors* they are not liable. Each is liable *for himself*, not for what others may do or omit to do. It is the performance of *an act* prohibited by statute which the law punishes. In their corporate or aggregate capacity, this board, or these men, are not liable. Willfulness, unlawfulness, implies necessarily, in matters criminal, individual action. It was easy for the pleader to charge in plain and clear language that each of these defendants concurred willfully, etc., in this order. Nothing is to be taken by intendment against them any more than any other party charged with crime. Every thing alleged in

this indictment might be proved, and yet no one of these men could be convicted. Let the State prove just what is charged, and no more, and an acquittal must properly and inevitably follow. Could there be a more conclusive argument against its sufficiency?

But aside from this, I doubt very much whether, under the statute, the offense charged is indictable. I allow no one to go in advance of me in holding public officers to a strict accountability. Sham pretenses and subterfuges should all be swept away, and they held inexorably to account, civilly or criminally, to the full extent of their liability. And upon none should the punishment be more swift or certain, where they attempt to evade the plain enactments of a statute or disregard its manifest teachings. The public welfare demands a strict enforcement of the rule; and public and individual honesty will be alike promoted thereby. But we must not be wiser than the law, nor bring them within a construction not fairly warranted by its language or meaning. ' To do this would be as great a reproach to the law itself as its violation in the cases supposed. In this case there is no charge of willful misconduct. The supervisors have the right to provide for the erection of bridges, without a vote of the people, when the probable cost will not exceed $5,000. Beyond this it is not competent for them to go. But suppose they do; is this the performance of an act prohibited by statute, and, hence, a misdemeanor? What act do they do? Let a contract which the law says it is not competent for them to make. The county is not liable, and no one is injured. Is this the violation of a statute in the sense that makes the parties liable to a penalty as for a misdemeanor? How is it to be shown that the parties acted *willfully* wrong? Their action is necessarily judicial. They construe the statute, and say that the $5,000 relates to the bridges, and does not

include "the abutments and tressel work." We know that this construction is most unwarranted. But have they done an act prohibited by statute? They have made an erroneous order — reached a most unwarranted conclusion. And yet I confess that I do not believe that such an act was ever contemplated by the legislature. There are numerous other instances to which the statute may apply, and where it may have force, without, so to speak, stretching it to cover the acts of those acting judicially. The preceding section (4301) punishes every willful *neglect to perform* the duties therein imposed. This punishes an act prohibited. Each was intended to cover cases where for the *neglect* or *act*, when, within the meaning and spirit of the law, a *penalty* should be imposed; and as all possible cases could not be covered, a punishment is declared (§ 4303) to meet such general cases. But it must have reference to those acts which in their nature and essence, under the statute, amount to crime. I think the demurrer was properly sustained.