Duty *v.* The State.

## No. 1,111.

## DUTY *v.* THE STATE.

CRIMINAL LAW.—*Township Trustee.—Creating Township Indebtedness in Illegal Manner.—Defense.*—To an indictment against a township trustee for the unlawful creation of a debt on behalf of the township, by giving the written obligation of such township, without having first procured the order of the board of commissioners, the defendant can not interpose the defense that the township is not liable upon the certificate alone, and thus take advantage of his own wrong, after doing all in his power to create the indebtedness, by asserting that the law will not permit the township to suffer from his illegal act.

SAME.—*Township Trustee.—Indictment.—Indebtedness.*—In such case, the indictment need not state for what the debt was created, or for what the obligation of the township was given, such being matter of evidence.

SAME.—*Evidence.—Township Indebtedness.—Nature of.—Necessity for.* —In such case, it is competent to show what the indebtedness was created for, and the necessity therefor.

SAME.—*Evidence.—Certificate of Indebtedness.*—In such case, the certificate of indebtedness set forth in the indictment was admissible in evidence as tending to prove the act charged; a similar certificate for $300, shown to have been executed by defendant on the same day, was also admissible as tending to prove the indebtedness of the township.

From the Shelby Circuit Court.

*L. F. Wilson* and *D. L. Wilson,* for appellant.

*A. G. Smith,* Attorney-General, for State.

REINHARD, J.—The appellant was tried and convicted in the court below, for certain official misconduct in the discharge of his duties in connection with the office of township trustee.

But two errors are assigned, viz:

1. The overruling of the motion to quash the indictment.

2. The overruling of the motion for a new trial.

The indictment charges, after the formal part, that the appellant, on the 31st day of October, 1890, at the county

of Shelby, and State of Indiana, was the duly elected, qualified and acting trustee of Liberty township in said county and State, and that he did "then and there unlawfully fail, neglect, and refuse to perform his duty as such trustee, as then and there required of him by law, and in the manner and within the time prescribed by law for him to do as such trustee, in this, to wit: That on said 31st day of October, 1890, the said James R. Duty, by virtue of his said office of trustee of said Liberty township, did then and there unlawfully incur, on behalf of said Liberty township, a debt, by then and there executing the certain note and evidence of indebtedness of said township to one George M. Ray, which reads as follows, to wit:

"$500.          SHELBYVILLE, IND., Oct. 3, 1890.

"On January 15, 1893, after date, Liberty School Township, of Shelby county, Indiana, promise to pay to the order of George M. Ray, at the First National Bank of Shelbyville, Ind., five hundred dollars, with eight per cent. interest per annum from date, until paid, and attorney's fees. This warrant is given for necessary school supplies, consisting of ten historical and ten reading charts, to be used in the public school houses in said township; and the undersigned, trustee of said township, hereby certifies that the aggregate amount of indebtedness hereby incurred in behalf of said township does not exceed the amount of funds now on hand out of which the same is payable, and the amount of funds to be derived from the tax assessed against said township for the year in which said indebtedness was incurred; also, that the above supplies have been received.

"LIBERTY SCHOOL TOWNSHIP,
          "Shelby county, Ind.
     "By J. R. DUTY, Trustee,
          "P. O. Waldron, Ind.

"Which note and certificate of indebtedness is indorsed on the back thereof as follows:

" 'Pay to the order of Delia Curtis.

" 'GEORGE M. RAY.'

" 'Pay to the order of Chas. W. Gorsuch.

" 'DELIA CURTIS.'

"The amount of which note and certificate of indebtedness, and of said debt, was then and there in excess of the fund of said township on hand to which said debt was then and there chargeable, being the special school revenue and fund of said township, and in excess of said revenue and fund of said township to be derived from the tax assessed against said township therefor for the year 1890, without having first procured an order from the board of county commissioners of said Shelby county, Indiana, authorizing him, as such trustee, to contract such indebtedness, or execute said note and certificate of indebtedness, and having then and there failed and refused to procure such order from said board of county commissioners, in the manner and as provided by law, before he incurred said debt and executed said note and certificate of indebtedness as such trustee, as aforesaid, contrary," etc.

By section 2018, R. S. 1881, it is provided that any officer under the constitution or laws of this State, "who * * * fails to perform any duty in the manner and within the time prescribed by law," shall, upon conviction thereof, be fined not less than ten dollars nor more than five hundred dollars, and be imprisoned in the county jail not exceeding six months.

The particular duty which it is claimed the appellant failed to perform here is defined in sections 6006 and 6007, R. S. 1881, which read as follows:

"6006. Whenever it becomes necessary for the trustee of any township in this State to incur, on behalf of his

township, any debt or debts whose aggregate amount shall be in excess of the fund on hand to which such debt or debts are chargeable, and of the fund to be derived from the tax assessed against his township for the year in which such debt is to be incurred, such trustee shall first procure an order from the board of county commissioners of the county in which such township is situated, authorizing him to contract such indebtedness.''

"6007. Before the board of commissioners shall grant such order, the township trustee shall file, in the auditor's office of his county, a petition, setting forth therein the object for which such debt or debts are to be incurred and the approximate amount required, and shall make affidavit that he has caused notice to be given,'' etc.

It is assumed, in argument, by appellant's counsel, that the gist of the offense charged is the creation of a debt against the township, without authority of law, and in this view we are disposed to concur. Proceeding upon this assumption, counsel contend that three things are necessary to make out a case against the trustee upon such a charge, and that they must appear affirmatively in the indictment:

1. The necessity for the incurring of the debt.

2. That the same was in excess of the fund on hand and to be derived from the tax assessed for the year in which said debt was to be incurred.

3. That the trustee failed to procure an order from the board of commissioners authorizing him to contract such indebtedness.

It is claimed in argument, that these things are not sufficiently charged in the indictment, and that the same is therefore radically defective.

It is also insisted that the indictment shows upon its

face, that the act charged, to wit, the incurring of the debt, was not one of the duties enjoined by law upon the trustee, and that it further appears affirmatively that no debt was in fact incurred, and that hence there could have been no violation of the criminal statute above referred to.

Official misconduct, we conceive, may be of three kinds, viz:

1.  Malfeasance, or the doing of an act wholly wrongful or unlawful.

2.  Nonfeasance, or the omission to do an act at all, which the law requires the official to do.

3.  Misfeasance, or the doing of a lawful act in an unlawful manner, or (which is the same thing) the failure to do such act in the manner prescribed by law.

The last enumeration characterizes the act charged in the indictment, and is fully covered by the criminal statute.

It is a well established rule of criminal pleading, that where the offense is defined by the statute, and the acts constituting such offense are stated in the language of the statute, it will be sufficient. Gillett's Crim. Law, section 132*a*, and cases cited; 1 Bishop Crim. Proced., section 612.

It is not necessary that the exact words of the statute be employed; it is sufficient to use equivalent terms, or language conveying the same meaning. Taking the three sections together as creating the offense, we think the facts set out sufficiently charge the commission of the same.

The indictment broadly charges that the appellant incurred a debt on behalf of the township, and we can not say, as a matter of law, from the contents of the indictment, that no debt was in fact created. Notwithstanding the failure of the trustee to obtain the order of the

board of commissioners, if the debt was incurred for supplies that were reasonably necessary for the schools of the township, the debt might have been collected by legal process upon the implied contract, if the goods were actually delivered to, and used by, such schools.

As was said by MITCHELL, J., in *Boyd* v. *Mill Creek School Tp.*, 124 Ind. 193: "It is quite true that where a municipal corporation receives money into its treasury, or property, or work and labor, which is of value to it through a contract, or by the issuing of bonds or notes that are void, an action may be maintained to recover the money received or the value of the property appropriated."

While, in such a case, there may be no recovery on the note or obligation, it is still true, in a sense, that the debt was incurred through or by means of the note or certificate issued.

It may be, and doubtless is, the law in such a case, that the holder of the evidence of the debt can not recover upon the certificate alone, but must prove the reasonable necessity for the goods, that they were received and used, and the value thereof. But it can not be argued from this, that the issuing of the certificate by the trustee is a nullity, and can not therefore be treated, as against him personally, as the means of the incurring of the debt.

While the township, in a civil action upon the certificate or warrant, might well set up such a defense, it does not lie in the power of the trustee to do so in a defense to a criminal prosecution. The construction given the statute, by which townships are exempt from liability upon such written obligations, was made from considerations of public policy, and in favor of the corporations that have been made the victims of designing supply

dealers and negligent or corrupt trustees, and other public servants.

The appellant, according to the facts charged in the indictment, has done all that lay within his power to create an indebtedness by issuing the township warrant, and he can not be allowed to profit by his own wrong, by asserting that the law will not permit the township to suffer from his illegal act.

To hold that the State must show that the trustee incurred a debt by issuing a valid and binding certificate would be to decide that the State is required to charge and prove that he committed a *lawful* act in order to establish the *unlawfulness* of the same act.

It was not intended to punish officials who follow the law, but those who violate or disobey it. The law does not require that the trustee must have issued a valid and binding certificate before he becomes criminally liable. The certificate or obligation is but an evidence of the indebtedness, and the fact that the indictment characterizes it as the means of incurring such indebtedness will not destroy the averment that the appellant incurred a debt. The certificate or warrant being, in a certain sense, the means by which the debt was created, the fact that such certificate or warrant may not of itself form the proper basis of a civil action against the township, will not enable such trustee to escape criminal liability on the charge set forth in the indictment. The law forbade the trustee to enter into the contract made by him under the circumstances alleged, notwithstanding that the written contract, of and in itself, may subsequently prove invalid as a claim against the township.

The act alleged to have been done here is the unlawful creation of a debt on behalf of the township, by giving the written obligation of such township, without having

first procured the order of the board of commissioners. The act of creating the debt may be, and under proper circumstances is, a duty devolving upon the trustee. The *manner* in which the law required him to incur the debt, under the facts alleged, was by first procuring the order of the proper board. The incurring of the debt without such order was the performance of an act in a manner different from that which the law points out. It was the failure to perform a duty in the manner prescribed by law.

The failure of the indictment to charge directly that the debt was incurred for school supplies, or other necessaries, will not vitiate it. It is directly charged that the appellant incurred a debt on the part of the township. If he did this, we do not think it was material to show what the consideration for the debt was, or what the obligation of the township was given for. These are mere evidentiary facts to be supplied by the proof.

We think the indictment sufficiently charges that the debt was in excess of the fund on hand and to be derived from the assessments of the current year, and also that the appellant failed to procure the proper order from the board of county commissioners, as he was required to do. The motion to quash was properly overruled.

Under the next error assigned, it is complained that the court wrongfully admitted certain testimony.

A witness, who was a teacher in the township schools, was asked, by counsel for the State, after it had been shown that the warrant was issued for certain historical and reading charts, whether the charts contracted for by the appellant and delivered to and used by the township, were reasonably necessary to the conducting of a school in Liberty township, to which she was permitted to answer in the affirmative. The objection was based upon

the ground that the indictment did not charge that any debt was created for such charts, but by reason of the execution of the certificate.

We have already decided that it was not necessary to charge what the debt was incurred for, this being a matter of proof.

The testimony introduced tended to sustain the charge that a debt was incurred, and for this reason we think it was proper.

The admission in evidence of the certificate set forth in the indictment is claimed to be erroneous. We think it was proper as tending to prove the act charged.

It is further urged that the court erred in allowing the State to introduce in evidence, over appellant's objection, a similar certificate shown to have been executed by the appellant on the same day, for $300. The last obligation fell due a year before the one set out in the indictment, and we think it tends to prove the indebtedness of the township beyond the amount of the funds in hand and to be derived from the current year's taxes at the time of the commission of the alleged offense, and was proper for the consideration of the jury.

It is next insisted that certain instructions were improperly given, and others improperly refused. The questions presented by these rulings have been fully determined by what has been said upon the sufficiency of the indictment. No error was committed by the court in these rulings.

It is finally contended that the appellant was convicted without sufficient evidence. We have examined the evidence, and think it is amply sufficient to warrant the conviction.

It will not subserve any good purpose to set out such portions of the evidence as tend to support the verdict.

Much of the appellant's argument in this connection has been disposed of by our ruling upon the sufficiency of the indictment.

Filed Feb. 20, 1894; petition for a rehearing overruled April 24, 1894.