106　735
129　132
106　735
131　641

## SUPPLEMENT.

[This case did not reach me in time to be published in its chronological order.—Reporter.]

STATE OF IOWA, Appellant, v. T. J. SHEA, P. W. CRAWFORD, ANTON VOLGER, THEODORE BAUER, JOHN SCHULTE, JOSEPH K. KAUFMANN, A. A. CULLEN and JOHN W. HALPIN.

**Officers:** INCREASING SALARY: *Charter Construed.* Dubuque city charter (Acts Sixth General Assembly, chapter 210, section 5,) provides that no alderman shall vote "on any question in which he is directly or indirectly interested." Certain aldermen, constituting the majority of the council, voted as such to increase their salaries. *Held,* that such act constituted an indictable offense, under Code, 1873, section 3966, providing that, "when the performance of any act is prohibited by any statute, and no penalty for the violation of such statute is imposed, the doing of such act is a misdemeanor," and section 3967, which provides a punishment for such misdemeanor, making it an indictable offense.

SAME. That no injury resulted to any individual and no money was drawn from the treasury by reason of the vote of the aldermen to increase their salaries in violation of Laws Sixth General Assembly, chapter 210, section 5. does not relieve the aldermen from criminal responsibility by reason of such vote.

SAME. The power conferred upon a city council by Laws Sixth General Assembly, chapter 210, to fix the salaries and compensation of "all" officers of the city not fixed by the act, does not authorize the council to fix the salaries of its present members; but they can only fix it for those who subsequently become members, in view of section 5, providing that no alderman shall vote in the council upon any question in which he is directly or indirectly interested.

SAME. Thus construed, the several provisions of such charter are not in conflict, and, consequently, the aldermen so voting were not excused from criminal liability on the ground that they acted judicially, and could not be held liable for errors or mistakes.

*Appeal from Dubuque District Court.*—HON. C. M. WATER-MAN, Judge.

FRIDAY, OCTOBER 8, 1897.

DEFENDANTS were indicted for willful and corrupt misconduct in office. A demurrer to the indictment was sustained, and the state appeals.—*Reversed.*

*Milton Remley,* Attorney General, *M. C. Matthews,* County Attorney, and *William Graham* for the State.

*Alphons Matthews* and *James E. Knight* for appellees.

DEEMER, J.—The indictment charges the defendants, who were members of the city council of the city of Dubuque, with having wrongfully, unlawfully, and corruptly voted to increase their salaries as aldermen of the said city from the sum of three hundred dollars, which had been the annual salary of aldermen for about ten years prior to April 24, 1895, to the sum of five hundred dollars for the year 1895, in violation of a section of the charter of said city, which provides that "neither shall any alderman vote in said council upon any question in which he is directly or indirectly interested." Laws Sixth General Assembly, chapter 210, section 5. The indictment further charges that the city of Dubuque is a municipal corporation, acting under a special charter, and that the defendants, who are a majority of the aldermen of said city, and who were at the time convened as a city council, did willfully, unlawfully, knowingly, and corruptly vote in favor of increasing their salaries, and did by their said vote carry the question, and increase their salaries, as aforesaid, in violation of the section of the charter before quoted, and in violation of their duties as aldermen. There are six grounds of demurrer, but the principal reasons urged in support of the rulings of the trial court are: (1) That the vote was authorized, and therefore did not constitute a crime; (2) that in voting the salary, defendants acted in a judicial or quasi judicial capac-

ity, and are not criminally liable for any error or mistake in their interpretation of the charter. Section 5, chapter 210, Acts Sixth General Assembly, being a part of the charter of the city, provides for the election of two aldermen from each ward, and then enacts the following: "No member of the city council shall be directly or indirectly interested in the profits of any contract or job for the city, and to become so interested when elected, or being so interested, shall be deemed a vacation of said office. Neither shall any alderman vote in said council upon any question in which he is directly or indirectly interested." In the Code 1873, section 3966, we find the following general statute: "When the performance of any act is prohibited by any statute, and no penalty for the violation of such statute is imposed, the doing of such act is a misdemeanor." This is followed by section 3967, which provides a punishment for such a misdemeanor, making it an indictable offense. The defendants place much reliance upon section 7 of the charter (Laws Sixth General Assembly, chapter 210), which, among other things, gives the city council power, and makes it its duty, "to establish and fix the salaries and compensation of all officers of said city not fixed by this act;" and upon section 2 of the charter, which recognizes aldermen as officers of the city. The section of the charter first quoted, taken in connection with the statutes before referred to, seems to clearly cover such a state of facts as is set forth in the indictment; for it is expressly provided in the charter that no alderman shall vote in the council upon any question in which he is directly or indirectly interested. The indictment charges that each of the defendants as councilmen, voted to increase his own salary. It is contended, however, that section 7 of the charter authorized the council to fix the salaries of all officers of the city, and that, in doing the acts complained of, the defendants were performing a duty; or, if this be not true, that the council was required to construe the sections of the charter before set out, and in so doing it was acting in a judicial or quasi judicial capacity, and that none

of the members of that body can be held liable, either civilly or criminally, for mistake or error in the construction of the charter. We do not think that section 7 authorizes the council to fix its own salary. Section 5 says it may not do so, if the members are directly or indirectly interested. That they are directly interested must be conceded. What, then, is the proper construction of this charter? It seems to us that the two provisions were meant to stand and be construed together, and that the council can fix the salary of the members of that body when they are not directly interested; that is to say, they can fix it for those who subsequently become members of the council, but cannot vote affirmatively upon a proposition either to increase or diminish their own compensation. Application of the ordinary and well-known rules of construction leads inevitably to this conclusion. It is said, however, that these two sections of the charter are in conflict; that the defendants were required to determine under which one they would act, and that in so doing they were acting judicially, and cannot be held liable for any error or mistake. The argument is based upon a false premise. There is no conflict in these sections. Both can stand, and be construed so as to give effect to each. Defendants were presumed to know the law, and it will be assumed that they put a proper interpretation upon the provisions of the charter relating to their duties and disabilities. That criminal laws should be strictly construed is conceded, and it is also true that all doubts concerning the interpretation of penal statutes are to be resolved in favor of the accused. But the statute is broad, and covers the performance of every act prohibited by statute for the violation of which no penalty is provided. The charter is explicit in saying that no alderman shall vote upon any question in which he is directly or indirectly interested. There is no room for doubt or for construction. See *State v. Conlee,* 25 Iowa, 237. It is not necessary that any injurious consequences should have resulted from the misconduct of the officers. The crime consists in a perversion of their powers and duties to the pur-

poses of fraud and wrong; and they are punishable, although no injury resulted to any individual, and no money was drawn from the treasury, by reason of the vote to increase the salaries. As bearing upon this question, see *State v. Van Auken*, 98 Iowa, 674; Wharton Criminal Law, section 2514; *Duty v. State*, 9 Ind. App. 595 (36 N. E. Rep. 655); *People v. Bogart*, 3 Parker Cr. R. 143.

Other grounds of the demurrer are disposed of by what is said in *State v. Conlee, supra.*

The trial court erroneously sustained the demurrer, and its decision is REVERSED.