M. N. BOPP, Appellant, v. ED. R. CLARK, Sheriff, Appellee.

**Constitutional law:** PUBLIC SCHOOLS: MINIMUM WAGE LAW. The statutes fixing a minimum wage for school teachers and providing a punishment for the employment of a teacher at a less rate are not violative of the constitutional provisions guaranteeing equal rights and forbidding special privileges or immunities.

**Same:** VIOLATION OF STATUTE: CRIME. The hiring of a school teacher at less than the minimum wage, and in violation of the statute prohibiting the act and prescribing simply a fine as punishment for its violation, is a crime, triable as a misdemeanor, although the statute itself does not declare that its violation shall be a crime.

**Habeas corpus:** DEFECTIVE INFORMATION. The court is not deprived of jurisdiction merely because an information states legal conclusions rather than facts, as such a defect may be cured by amendment; and a defendant is not entitled to habeas corpus on that ground.

*Appeal from Fayette District Court.*—HON. A. N. HOBSON, Judge.

TUESDAY, MAY 12, 1914.

THIS is a habeas corpus proceeding. The plaintiff herein is defendant in a criminal case and is in the custody of the defendant herein, as sheriff, under arrest in such criminal case. In this proceeding, the plaintiff challenges the validity of his arrest and of all other proceedings in the criminal case against him on the ground that they are based upon an unconstitutional statute. The finding of the trial court was against him, and he was remanded to the custody of the defendant sheriff, and he appeals.—*Affirmed.*

*H. P. Hancock,* for appellant.

*George Cosson,* Attorney General, *John Fletcher,* Assistant Attorney General, and *C. B. Hughes,* for appellee.

EVANS, J.—I. The statute which is assailed as unconstitutional by this proceeding is chapter 249 of the Laws of the 35th G. A., which is known by the published title as the "Minimum Wage for Teachers in the Public Schools." Sections 1 and 2 of such act fix certain rates of wages for school teachers, graded according to their proficiency as indicated by their official certificates. Sections 3 and 4 thereof are as follows:

Sec. 3. It shall be unlawful for any school board or any school officer to contract for or pay a less wage to any teacher in the public schools of this state than the minimum amounts herein fixed for the grade certificate held by such public school teacher. But nothing herein shall be construed as limiting the right to make a lawful contract for a higher wage than herein specified as a minimum.

Sec. 4. Any school officer violating the provisions of this act shall be fined a sum of not less than twenty-five ($25.00) dollars, nor more than one hundred ($100.00) dollars in the discretion of the court, and shall be suspended from office.

Information was filed against the plaintiff charging that as a school officer he entered into a contract with a teacher for the public school of his district for a less rate of wages than provided in such act. A warrant being issued on such information, he was arrested thereunder. He immediately sued out a writ of habeas corpus in this proceeding. We infer from the record that the criminal prosecution is undetermined and still pending awaiting the outcome hereof.

Appellant challenges the validity of the act as being in violation of sections 1 and 6 of article 1 of the Constitution of Iowa. Such sections are as follows:

Section 1. All men are, by nature, free and equal, and have certain inalienable rights, among which are those of enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety and happiness.

Section 6. All laws of a general nature shall have a uniform operation; the general assembly shall not grant to any

citizen or class of citizens, privileges or immunities, which upon the same terms shall not equally belong to all citizens.

Counsel for appellant has been unable to cite any pertinent authorities in support of his contention. His argument is brief and is based wholly upon analogy. We think it clear that the sections of the Constitution above quoted have no special application to the case and that they are in no manner violated by the legislation complained of. The school district is a creation of the Legislature. Its powers and the method of their exercise are all defined by legislative act. In like manner the powers and duties of its officers are defined. Such officers have no powers except such as are conferred by legislative act. Prior to the act in question the power of the school officer to make contracts with teachers was conferred by section 2778 of the Code. If the Legislature was within its authority in conferring such power upon school officers, it necessarily had the same authority to enlarge or to abridge the same. Appellant's counsel concedes that the Legislature would have had authority to fix a maximum wage. Accepting this concession, it would seem to follow of logical necessity that it had equal authority to fix a minimum wage. The argument at this point is that the statute in question interferes with the right of the particular teacher to accept such wages as he will, whether below the statutory schedule or not. The manifest purpose of the law is to offer and maintain an inducement to higher standards in the profession of teaching and to encourage competition in qualifications among teachers rather than in the amount of wages. Even teachers whose acquired standards may be equal, as indicated by their respective certificates, may yet vary greatly in their practical success as teachers. As to such teachers, school officers would naturally select the best in preference to the worst, unless such best were underbid in the competition. The purpose of the statute is to eliminate competition at this point below the specified rate.

1. Constitutional law : public schools : minimum wage law.

It is a matter of common observation that school officers are sometimes large taxpayers who have no children dependent upon the public schools for their education. Such officers are under constant temptation to overemphasize the importance of low wages for teachers and to attach too little importance to the qualifications of teachers. In such cases, the lowest bidder obtains the employment, and this often to the great detriment of the public interest. That the rights of individual teachers are not invaded by such legislation is well settled by the decisions of many eminent courts. It will be sufficient to cite *Atkin v. Kansas*, 191 U. S. 207 (24 Sup. Ct. 124, 48 L. Ed. 148), and the cases therein cited.

Whether the practical working of this legislation will meet the intended purpose can be determined only by experience. All new legislation is necessarily experimental and in a sense tentative. The courts cannot be called upon to guarantee its wisdom nor to condemn it for want of wisdom. All that we hold here is that the legislation in question herein is within the domain of legislative authority.

II. It is further urged on behalf of the appellant that, though the act in question be constitutional, its violation does not constitute a crime within the meaning of the law. The reason urged is that such statute does not in terms declare that its violation shall constitute a crime, and that the only penalty imposed in terms for its violation is a fine, and that no penalty of imprisonment is imposed. The penal provisions of the act are contained in sections 3 and 4 which we have quoted above. Sections 1 and 2 of the act are mandatory; sections 3 and 4 thereof are prohibitory. Section 3 declares a violation of the act by any "school officer" to be "unlawful." Section 4 provides that any school officer who shall violate the provisions of the act "shall be fined . . . not less than $25, nor more than $100, in the discretion of the court, and shall be suspended from office." Appellant's argument at this point is based upon the absence from the statute of the words

2. Same: violation of statute: crime.

"crime," "misdemeanor" or "felony." The argument is that a mere "fine" is equivalent to "penalty" or "forfeiture," and that it may be recovered by civil action without criminal prosecution. In general terms, a crime is an act committed in violation of a public law. 4 Blackstone, 15. Under our statute all crimes are classified as (1) felonies, and (2) misdemeanors. Code, section 5092. Each class is defined as follows:

Sec. 5093. A felony is a public offense which is, or in the discretion of the court may be, punished by imprisonment in the penitentiary.

Sec. 5094. Every other public offense is a misdemeanor.

A misdemeanor is further defined by section 4905 of the Code as follows:

Sec. 4905. When the performance of any act is prohibited by any statute, and no penalty for the violation of such statute is imposed, the doing of such act is a misdemeanor.

It is well settled that it is not essential that any criminal statute shall declare in terms that its violation shall constitute a misdemeanor or felony. These terms are absent from a large number of our criminal statutes. The omission of these terms is fully supplied by the statutory definitions which we have just quoted. *State v. Shea,* 106 Iowa, 735; *State v. York,* 131 Iowa, 635; and *State v. Conlee,* 25 Iowa, 237, involved the construction of criminal statutes which prohibited certain acts. These statutes did not in terms declare their violation to be criminal, nor did they provide any penalty. It was held, nevertheless, that the violation of such statutes constituted misdemeanors under the definition of sections 4905, 5093, and 5094, and they were held to be indictable as such under the provisions of section 4906, which is as follows: "Section 4906. Every person who is convicted of a misdemeanor, the punishment of which is not otherwise prescribed by any statute of this state, shall be punished by imprisonment in the county

jail not more than one year, or by fine not exceeding five hundred dollars, or by both such fine and imprisonment.''

Counsel for appellant differentiates the cited cases from the case at bar on the ground that the statute under contemplation in the case at bar does in terms provide a penalty for its violation, and that therefore it fails to come within the definition of section 4905 which purports to apply to cases where ''no penalty'' is provided. This contention, however, distorts the statute by concentrating its emphasis upon this particular expression. Considering all the above statutes of definition, it is rendered quite clear therefrom that the doing of an act in violation of statutory prohibition is a public offense. Such public offense will be a felony or a misdemeanor according to the punishment which may be imposed therefor. If the statute itself fixes the punishment, such provision will be controlling, and the classification of the public offense either as felony or as misdemeanor will be thereby determined. If such statute fixes no punishment, then sections 4905 and 4906 become controlling. The first fixes the classification of the offense as a misdemeanor and the second fixes the range of punishment. In the case at bar the statute does provide for punishment in the way of a fine. This of itself implies a public offense. The limitation of the fine to a sum not in excess of $100 classifies it as a misdemeanor. It is argued, however, that, because no imprisonment is imposed, a mere fine is collectible by civil action. For the purpose of the argument only, it may be conceded that a civil action may lie in an appropriate case to recover a fine as distinguished from a penalty or forfeiture. Such actions, however, are usually based upon express statutory provisions. There is no. such provision in the statute under consideration. Neither does the statute fix the exact amount of fine which may be imposed. There is no way provided under our statutes whereby the amount of such fine can be determined except in a criminal prosecution. Section 5095 provides: ''Sec. 5095. No person can be punished for a public offense except

upon legal conviction in a court having jurisdiction thereof.''
There is no way provided in our statutes to obtain jurisdiction
over a defendant for the purpose of a legal conviction for a
public offense except by information and arrest thereunder.
Until legally convicted of the public offense, the defendant is
not liable for the payment of the fine.

It is our conclusion therefore that the violation of the
provisions of the statute in question by the plaintiff herein
was a misdemeanor and triable and punishable as such, sub-
ject in extent to the limitations of the statute itself.

III. It is further urged by the appellant that the infor-
mation failed to charge any offense, in that it stated no suf-
ficient facts, but stated legal conclusions only.   If the in-
formation is not sufficiently specific, it is
amendable.   Proceedings thereunder are not
rendered void by reason of its insufficiency.

3. HABEAS COR-
PUS: defective
information.

If they were, they could not be saved by its amendment. The
jurisdiction of the criminal court over the defendant after
his arrest is not lost by mere defect in information or in-
dictment.   This is illustrated by the provisions of our statute
which authorize the district court to hold a defendant pend-
ing the return of a second indictment where the prosecution
against him has failed for insufficiency of a prior indictment.
We reach the conclusion therefore that the appellant is en-
titled to no relief in this proceeding.   The trial court so held.

Its order is therefore—*Affirmed.*

All Justices concur.