STATE of Iowa, Appellant,

v.

SOCIAL HYGIENE, INC., Appellee.

No. 52715.

Supreme Court of Iowa.

Feb. 6, 1968.

to quash an information charging violation of section 725.5, Code of Iowa by "offering for sale by vending machine articles or things designed or intended to prevent conception."

Neither the wisdom of the statute nor the authority of the legislature to proscribe by constitutionally enacted legislation is involved. The challenge is to the method of original enactment and the form of the statute.

Section 725.5 of our Code provides:

"Obscene literature—articles for immoral use. Whoever sells, or offers for sale, or gives away, or has in his possession with intent to sell, loan, or give away any obscene, lewd, indecent, lascivious, or filthy book, pamphlet, paper, drawing, lithograph, engraving, picture, photograph, writing, card, postal card, model, cast, or any instrument or article of indecent or immoral use, or any medicine, article, or thing designed or intended for procuring abortion or preventing conception, or advertises the same for sale, or writes or prints any letter, circular, handbill, card, book, pamphlet, advertisement, or notice of any kind, giving information, directly or indirectly, when, where, how, or by what means any of the articles or things hereinbefore mentioned can be purchased, or otherwise obtained or made, shall be guilty of a misdemeanor and be fined not more than one thousand nor less than fifty dollars, or be imprisoned in the county jail not more than one year, or both."

Defendant's attack and the trial court's ruling were limited to the constitutional question under Article III, section 29, Constitution of Iowa. This section provides:

"Every act shall embrace but one subject, and matters properly connected therewith; which subject shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title."

Richard C. Turner, Atty. Gen., David A. Elderkin, Asst. Atty. Gen., Roger F. Peterson, County Atty., for appellant.

Reed, Merner, Sindlinger, Baker & Sabbath, Cedar Falls, for appellee.

SNELL, Justice.

The State has appealed from the judgment of the municipal court of Cedar Falls sustaining defendant's demurrer and motion

The trial court sustained defendant's demurrer and motion to quash on three grounds. They will be separately considered.

I. The statute now under attack was originally enacted in 1886 and appears in chapter 177, Laws of the Twenty-first General Assembly.

The title to the original Act is as follows:

"AN ACT to Suppress the circulation, advertising, and vending of Obscene and Immoral Literature and articles of Indecent and Immoral use, and to confiscate such property."

The several sections of the original Act have been divided by the code editor pursuant to section 14.13, Code of Iowa, and have been amended by subsequent legislatures but the substance of what is material to this case appears in all Codes since the original enactment including the enacted Code of 1897.

With this historical background it would appear obvious that the statute is a legislative enactment of public policy. It could hardly be argued with any plausibility that the statute as it appears is the result of any legislative log-rolling or surprise.

"In passing upon the constitutionality of acts of the legislature such acts are given the benefit of a presumption in favor of constitutionality. An act of the legislature will be declared unconstitutional by the courts only when it is clearly, plainly and palpably so, and it is the duty of the courts to give such a construction to an act, if possible, as will avoid this necessity and uphold the law. (Citations)" State v. Talerico, 227 Iowa 1315, 1322, 290 N.W. 660, 663.

This has been the rule since as early as 1856, see State ex rel. Weir v. The County Judge, 2 Iowa 280, 282, and remains the law. See Graham v. Worthington, 259 Iowa 845, 146 N.W.2d 626.

II. The trial court held and appellee argues that the original act was not enacted pursuant to the constitution in that it was duplicitous and embodied more than one subject matter. We do not agree.

Our court, as well as courts in other jurisdictions, has considered this problem many times.

We recently reviewed the problem in depth in Long v. Board of Supervisors, 258 Iowa 1278, 142 N.W.2d 378. We said:

"It has been uniformly held that section 29, Article III, of the Iowa Constitution, should be liberally construed so one Act may embrace all matters reasonably connected with the subject expressed in the title and not utterly incongruous thereto. * * * to constitute duplicity of subject, an act must embrace two or more dissimilar and discordant subjects that by no fair intendment can be considered as having any legitimate connection with or relation to each other. All that is necessary is that the act should embrace some one general subject, and by that is meant, merely, that all matters treated therein should fall under some one general idea and be so connected with or related to each other, either logically or in popular understanding, as to be part of or germane to one general subject." (loc. cit. 1282 and 1283, 142 N.W.2d, loc. cit. 381)

We referred to the landmark case of State v. Talerico, supra, noting that "this constitutional provision was designed to prevent surprise in legislation, to prevent the union in one bill of matters having no fair relation to each other." In the Talerico case this appears:

"However, the title need not be an index or epitome of the act or its details. The subject of the bill need not be specifically and exactly expressed in the title. It is sufficient if all the provisions relate to the one subject indicated in the title and are parts of it or incidental to it or reasonably connected with it or in some reasonable sense auxiliary to the subject of

the statute. It is unnecessary that each thought or step toward the accomplishment of an end or object should be embodied in a separate act. Nor is it important that a law contain matters which might be and usually are contained in separate acts or would be more logically classified as belonging to different subjects provided only they are germane to the general subject of the act in which they are put." (227 Iowa loc. cit. 1322, 290 N.W. loc. cit. 663)

The title to the Act now under attack referred to the circulation, advertising, and vending of obscene and immoral literature and articles of indecent and immoral use. The Act then set forth what the legislature intended to include within the proscription of the statute including any article or thing designed or intended for prevention of conception. When the legislature thus set forth what was within the purview of its act we cannot say that the acts so set forth were so unrelated as to contravene the provisions of the constitution. They were reasonably connected with the title and "not utterly incongruous thereto."

An interesting article appears in 42 Minn. Law Review 389 cited by appellant.

A one-subject rule for laws has found its way, in one form or another, into the constitutions of forty-one of our states. This provision is frequently invoked by litigants to question the validity of a statute.

"The primary and universally recognized purpose of the one subject rule is to prevent log-rolling in enactment of laws. The practice of several minorities combining their several proposals as different provisions of a single bill and this consolidating their votes so that a majority is obtained for the omnibus bill where perhaps no single proposal of each minority could have obtained majority approval separately.

"Another stated purpose for the provision is to prevent 'riders' from being at-tached to bills that are popular and so certain of adoption that the rider will secure adoption not on its own merits, but on the merits of the measure to which it is attached. * * *

"Another purpose served by the one-subject rule is to facilitate orderly legislative procedure. * * *

"The constitutional provision embodying the one-subject rule also contains an independent requirement that each bill contain a title and that the title express the subject or object of the bill. * * * The primary purpose of the title requirement is to prevent surprise and fraud upon the people and the legislature."

III. The trial court held and appellee argues that the title of the Act creating what is now section 725.5 of the Code contains no expression of the subject matter, i. e. articles designed or intended for preventing conception and thus contravenes the constitution. We do not agree.

Much that we have said in preceding divisions is applicable here and need not be repeated.

In Doyle v. Kahl, 242 Iowa 153, 46 N.W. 2d 52 there was a constitutional attack on the Motor Vehicle Responsibility Act. On page 157 of 242 Iowa, on page 54 of 46 N.W.2d this appears:

" * * * an examination of the entire Act shows that all matters embraced therein are germane to the general subject as set forth in the title. An Act need not in its title, be an abstract, analysis, synopsis, catalogue, summary or index of the Act itself. It may embrace all matters reasonably connected with the subject expressed in the title and not incongruous thereto. Carlton v. Grimes, 237 Iowa 912, 23 N.W.2d 883; Knorr v. Beardsley, 240 Iowa 828, 38 N.W. 2d 236. In determining this question a liberal construction should be given to Article III, section 29, of the Constitution. * * *"

See also Independent School District of Cedar Rapids, et al. v. Iowa Employment

Security Commission, et al., 237 Iowa 1301, 1312, 1313, 25 N.W.2d 491, and cases cited therein, and 82 C.J.S. Statutes § 219.

Neither the authority of the legislature to enact statutes relating to "acts that are indecent and immoral" nor the legislature's power to say what is indecent and immoral is involved here. The question is whether the title, under the liberal rules of statutory construction, is sufficiently broad to encompass the matters included in the act. We think it is. When the title of the act says that its purpose is to suppress the vending of articles of indecent and immoral use the listing by the legislature of what it considers indecent and immoral is within the limitations of the Constitution. The legislature may be its own lexicographer. Graham v. Worthington, supra, loc. cit. 632 of 146 N.W.2d.

IV. The trial court held and appellee argues that the title of the Act creating § 725.5 does not indicate that the Act creates or defines a crime and therefore contravenes the constitution. We disagree.

The trial court, although recognizing the statements quoted as dicta, relied on State v. Chenoweth, 226 Iowa 217, 220, 221, 284 N.W. 110. In that case a per curiam opinion adopted by the court after the retirement of the author stated but found it unnecessary to hold that the title failed to support a criminal penalty. A demurrer to the information was sustained on other grounds.

The language directed at the title is forceful and the statements are unequivocal but they are pure dicta and unsupported by citation of authority. The case has been cited and distinguished twice but has never been cited by our court for the proposition involved here. We do not think the statements are in accord with other and later pronouncements furnishing guide lines for statutory construction and are accordingly disapproved.

No authority has been cited to us saying that there must be reference to a penalty in the title to an act of the legislature.

In Long v. Board of Supervisors, supra, the title to the act under attack was "An Act relating to the compensation of county officers, deputies and clerks." We rejected a constitutional attack based on the inclusion by amendment of a provision that courthouses shall be open for the transaction of business five and one-half days per week. This requirement appearing as section 340.6, Code of 1966, has since been repealed by the 62nd General Assembly (Senate File 12) but not because of any constitutional defects.

Nowhere in our cases do we find any holding that a penalty must be mentioned in the title as an incident to an act that is suppressed. It is a natural corollary that a penalty follow the doing of an illegal act. It is a reasonable "auxiliary to the subject of the statute". State v. Talerico, supra.

In State v. Cowen, 231 Iowa 1117, 3 N.W. 2d 176, these statements appear:

"It has been so many times held in this state that where no penalty is expressed, either in the title or in the act itself, it comes within the general law relating to misdemeanors, that no citation of authorities would seem necessary. But see, Bopp v. Clark, 165 Iowa 697, 147 N.W. 172, 52 L.R.A.,N.S., 493 Ann.Cas.1916E, 417, supra; State v. Shea, 106 Iowa 735, 72 N.W. 300, supra; State v. York, 131 Iowa 635, 109 N.W. 122. The cases cited by defendant all show, and it has been the holding of this court many times, that when an act is prohibited and no penalty is imposed, such act is a misdemeanor. * * *

" 'It is not necessary that the title shall contain a detailed recital of all of the provisions of the act, nor is it required to be an index or an epitome thereof. All of the provisions thereof must relate to the act as a whole, without incongruity or want of unity.'

" * * * All that the Constitution requires is that the subject embraced in the act shall be reasonably connected with the title and germane to it, and that the title shall be calculated to give notice of the statute. (Citations) * * *

"It would, of course, be unnecessary and improper to express in the title what does not appear in the act itself; in other words, in this case the title states the subject of the act, and further reference to it in such title need not be made." (231 Iowa loc. cit. 1130, 1131, 1132, 3 N.W.2d loc. cit. 183)

 A section of the Code containing prohibitive language need not expressly declare that a violation thereof is a crime. State v. York, 131 Iowa 635, 638, 109 N.W. 122. We see no reason why the same rule should not apply to the title to an act if the title is otherwise sufficient.

V. In Graham v. Worthington, supra, 146 N.W.2d, loc. cit. 631, we repeated and reaffirmed certain well established principles.

" * * * the legislature may enact any law desired provided it is not clearly prohibited by some provision of the Federal or State Constitution. * * *

"The judicial branch of the government has no power to determine whether legislative Acts are wise or unwise, nor has it the power to declare an Act void unless it is plainly and without doubt repugnant to some provision of the Constitution. There is no presumption against constitutional validity of a statute. Every reasonable presumption must be called to support the Act. A challenging party must overcome these presumptions and negative every reasonable basis which will sustain the statute. * * *

"If the constitutionality of an Act is merely doubtful or fairly debatable, the courts will not interfere."

When two constructions are possible, the one will be adopted which does not lead to consequences making the act unconstitutional. (loc. cit. 633 of 146 N.W.2d)

In the light of our many pronouncements relative to statutory construction we conclude that the statute under which defendant was charged meets constitutional requirements.

VI. The ruling of the trial court on defendant's demurrer was a final judgment and was appealable as such. For the reasons indicated in preceding divisions we conclude that the trial court erred in sustaining the demurrer to the information.

The ruling is reversed but under the statute the case may not be remanded. The costs will be taxed to appellant. State v. Talerico, supra, loc. cit. 227 Iowa 1324, 290 N.W. 660.

Reversed.

All Justices concur.