POWELL *et al. v.* SPAULDING *et al.*

The supreme court has no original jurisdiction either at law or in equity. It can only review and correct those proceedings which have been passed upon by the court below.

Evidence of proceedings below, *dehors* the record, not admissible in the supreme court.

APPEAL *from Lee District Court.*

*Opinion by* GREENE, J.   A motion is made by appellants to set aside, and declare void, the decree rendered in this case by the district court.   In support of this motion, it is alleged that the decree is irregular, and abusive of the powers of that court; that the records were fraudulently taken from the Muscatine to the Lee district court; that the solicitor for complainant, who appeared and conducted the proceedings below had no authority to do so; that the proceedings under which the decree was rendered against complainants below were all fraudulent; and, that the trial was had without producing the evidence of complainants' rights, and without their knowledge or approbation.   To establish these facts the appellants propose to submit a number of affidavits and the appellees propose to disprove the facts by counter affidavits.

The question arises, has this court power to entertain such an investigation?   Are we authorized to resolve ourselves into a jury, hear evidence, determine what facts are proved, and decide an issue not submitted to the court below?   The answer is obvious.   We have no such jurisdiction.   It is entirely foreign to the appellate and corrective powers, to which this court is limited by the constitution.

As a court, we have no original jurisdiction, either at law or in equity.   We can only review and correct those proceedings which have been passed upon by the court below; and the only authentic evidence of those proceedings is the transcript of the record in each case.   It has
27

been repeatedly decided that evidence of proceedings *dehors* the record. is not admissible, and that evidence or depositions, filed subsequent to the decision below, will be excluded.

But it is contended that this motion should be enter-tained, under the Code, § 1563, which declares that the supreme court has a general supervision over the district court, to prevent and correct abuses where no other remedy is given by law. Although this court may exercise a supervisory control over the district court, and over all inferior judicial tribunals, still that power must be exer-cised in the manner provided by law, and only to a super-visory extent. In a supervision of their proceedings, we can act only upon the proceedings themselves as evidenced by the record, and not, as they may be shown to us, by extrinsic proof.

The power given to this court, by the Code, to prevent and correct abuses, where no other remedy is provided, can confer no original jurisdiction. The constitution provides that " the supreme court shall have appellate jurisdiction *only* in all cases in chancery, and shall constitute a court for the correction of errors at law, under such restrictions as the general assembly may by law prescribe." The gen-eral assembly may provide restrictions for the manner of exercising that exclusively appellate and corrective juris-diction, but cannot enlarge it, nor confer an original power, which is so expressly inhibited by the constitution. This court, then, can only proceed to prevent and correct abuses in an appellate capacity, by a supervisory control over the very subject matter about which the abuse is charged.

Besides, the abuse complained of in this case, is not without remedy. If the decree was rendered under the fraudulent circumstances alleged, a court of chancery will afford relief.

Motion overruled.

*J. C. Hall* and *C. H. Phelps*, for appellants.

*H. T. Reid*, for appellees.