INDEPENDENT SCHOOL DISTRICT OF OGDEN, Plaintiff, v. AGNES SAMUELSON, Superintendent of Public Instruction, et al., Defendants.

No. 42938.

JULY 17, 1935.

Doran & Doran, for plaintiff.

Edward L. O'Connor, Attorney General, and Lehan T. Ryan, Assistant Attorney General, for defendants.

POWERS, J.—██ ██ We are confronted at the outset in this matter with a jurisdictional question appearing on the face of the record. The jurisdiction of this court is defined both by the Constitution of the state and by the statutes. It exercises general appellate jurisdiction in cases in chancery and constitutes a court for the correction of errors at law, and has power to issue all writs and process necessary to secure justice to parties and exercise a supervisory control over all inferior judicial tribunals throughout the state. Section 4, Art. V, Constitution of the state of Iowa. The statute, which, of course, must be read in the light of the constitutional provision, provides that "the supreme court has appellate jurisdiction over all judgments and decisions of all courts of record, except as otherwise provided by law." Section 12822, Code 1931. It is obvious from these provisions that this court's jurisdiction is exclusively appellate, that it exercises general appellate jurisdiction and reviews both the law and the fact in chancery cases, and its appellate jurisdiction is limited to questions of law in law cases. It has no original jurisdiction.

██ ██ Applications to this court for writs of certiorari are sometimes referred to as original proceedings, but that is not the equivalent of saying that in the granting of said writs the court exercises original jurisdiction. The granting of writs of certiorari by this court are original proceedings only in a very limited sense inasmuch as the function of the writ is to bring before this court for review in a particular manner a limited class of errors alleged to have been committed by inferior judicial tribunals, namely, those which result from such tribunals exceeding their jurisdiction or otherwise acting illegally. The only purpose which the writ serves is to annul proceedings of such inferior judicial tribunals. No other relief can be granted. What is accomplished, therefore, by means of the writ is the correction of a particular class of errors at law committed by inferior judicial tribunals. Moreover, this court has power to issue the writ only to carry out the constitutional mandate of exercising "a supervisory control over inferior judicial tribunals." To afford a means of exercising such supervisory control is one of the chief offices of the writ. The statute, impliedly if not expressly, recognizes that this court has power to issue the writ only to inferior judicial tribunals. It provides: "The writ may be granted by the district court, or judge thereof, but if to be directed to said court or judge, or to the superior court or its judge, then by the

supreme court, or one of its judges." Section 12457, Code 1931. This provision clearly indicates that the writ should be granted only by the district court or a judge thereof in all cases except where addressed to the district court or a judge thereof, or to some other judicial tribunal inferior to the supreme court, in which case it should be issued by the supreme court or a judge thereof. The statute uses the term "may" instead of "shall" in recognition of the rule, set out in a previous section, that the granting of the writ is discretionary and not mandatory.

Under this situation, what possible authority can this court have for issuing a writ of certiorari directed to the State Superintendent of Public Instruction or the County Superintendent of Schools of Boone County? This court exercises no supervisory control over those officers. They are not inferior judicial tribunals. They are executive officers of the state and belong to the executive department of the state government. If this court can issue the writ to the State Superintendent of Public Instruction, it can issue the writ to all state officers and boards and commissions. If it can direct the writ to the County Superintendent of Schools of Boone County, it can direct the writ directly to all county officers. The court would then be exercising an original jurisdiction in a wide field of controversy and it would be exceeding its own jurisdiction as defined by the State Constitution and would render nugatory the provisions of the Code which clearly contemplate that the writ shall be issued by the district court except where directed to that court, or a judge thereof, or to some other judicial tribunal inferior to the supreme court.

The writ never should have been issued in this case. Its issuance resulted from a misunderstanding and misapprehension of the record and through inadvertence. This court is without jurisdiction to issue a writ of certiorari except to inferior judicial tribunals. Its power to require that proceedings be certified to this court for review is limited to judicial tribunals over which it exercises appellate and supervisory jurisdiction. The petitioner has misconceived his remedy. He should have applied to the district court for the writ. If the decision of the district court on the return of the writ is unsatisfactory, he may have it reviewed by this court on appeal. We have no power to exercise an original jurisdiction in the matter.

In view of the situation as now revealed, there is only one

course open to the court, and that is to quash the writ and dismiss the proceedings on its own motion.

Writ quashed, proceedings dismissed.

KINTZINGER, C. J., and ANDERSON, DONEGAN, MITCHELL, PARSONS, and HAMILTON, JJ., concur.