FRANK T. JOHNSON, Petitioner, v. JOHN E. PURCELL, Judge, Respondent.

No. 44360.

DECEMBER 13, 1938.

REHEARING DENIED APRIL 7, 1939.

Trewin, Simmons & Trewin, for petitioner.

E. C. Halbach, for respondent.

HAMILTON, J.—The original action was a suit in equity brought by members of the bar of Jackson County, Iowa, for themselves and all other attorneys and councellors similarly situated and for the protection of the public asking for an injunction restraining petitioner, Frank T. Johnson, a layman, from holding himself out as an attorney and from engaging in the practice of law. To the petition said Frank T. Johnson, defendant in the original equity case, filed a motion to dismiss the petition wherein it was alleged, among other grounds, that the district court of Jackson County, Iowa, had no power or jurisdiction to entertain said action or to grant the relief prayed for or any relief and that the plaintiffs, both individually and collectively, were without power, right, or authority to maintain such action either on their own behalf or on behalf of other attorneys or counsellors similarly situated or for the protection of the public. The trial court, on December 28, 1937, overruled the motion and gave the defendant twenty days to plead. On

January 15, 1938, defendant filed his answer in which he admitted that he was not then and never had been admitted to practice in the courts of this state. The answer pleaded as defense the jurisdictional matters set forth in the motion to dismiss. After answering as aforesaid, the defendant in the original equity case and petitioner herein, on January 17, 1938, presented to one of the judges of the Supreme Court of Iowa his petition for writ of certiorari wherein he again challenges the jurisdiction of the trial court to entertain said cause of action and the capacity of the plaintiffs to bring said suit. There was also prayer for stay of proceedings in the court below. The writ was issued and the proceedings stayed accordingly and the matter is here on the record presented by printed abstract and briefs for our consideration and determination.

It is the rule in this state that error in overruling a demurrer (in the instant case, a motion to dismiss) is waived by answering to the merits. Land Co. v. Conner, 136 Iowa 674, 112 N. W. 820; Wagner v. Glick, 177 Iowa 623, 159 N. W. 233; and Winnebago State Bank v. Hustel, 119 Iowa 115, 93 N. W. 70. However, where the question is want of jurisdiction, the matter may be raised at any stage of the proceedings. Orcutt v. Hanson, 71 Iowa 514, 32 N. W. 482. In the cited case, we said [page 517 of 71 Iowa, page 484 of 32 N. W.]:

"The executrix attempted to raise the question of jurisdicdition * * * by demurrer to the petition, which was overruled. She afterwards answered.

"An objection based upon the want of jurisdiction of the court over the subject matter of the action may be raised at any time, and is not even waived by consent. If the law withholds from a court authority to determine a case, jurisdiction cannot be conferred, even by the consent of parties."

Cerro Gordo Co. v. Wright Co., 59 Iowa 485, 13 N. W. 645; Groves v. Richmond, 53 Iowa 570, 5 N. W. 763; State v. Van Beek, 87 Iowa 569, 54 N. W. 525, 19 L. R. A. 622, 43 Am. St. Rep. 397, and 14 Am. Jur., p. 385, sec. 191.

In this certiorari proceeding, the petitioner challenges the jurisdiction of the district court to entertain or take cognizance of the subject matter of the original injunction suit. It is the petitioner's contention that because Iowa Code, section 10907, vests in the Supreme Court of Iowa exclusive power to

1268

admit persons to practice as attorneys and counsellors in the courts of this state and, since there is no statute expressly prohibiting unauthorized practice of the law, that the power to prevent it must, therefore, be implied from and arise out of the power to license; that the court having the exclusive licensing power is the only court having the implied power to make its license effective by enjoining unlicensed practitioners. We cannot subscribe to this principle. In the first place, the Supreme Court has no original jurisdiction to grant injunctive relief. Independent Sch. Dist. v. Samuelson, 220 Iowa 170, 262 N. W. 169. Secondly, the equity suit is not in any way related to the matter of admission to the bar or disbarment of petitioner.

██ The gist of the equity suit is irreparable damage to alleged property rights; a civil suit to redress an alleged wrong; subject matter over which the district court most certainly has jurisdiction. There is no claim that the court was not clothed with jurisdiction of the person of the defendant. Therefore, the trial court had jurisdiction of both the subject matter and of the person. Whether the plaintiffs are possessed of a valuable right, privilege, or franchise which is being unlawfully encroached upon by the defendant, to the irreparable damage and injury of plaintiff and others similarly situated, and whether they are entitled to injunctive relief, are all questions to be determined by the trial court after hearing the evidence. They are questions of fact to which the court will be called upon to apply legal principles and therefrom render legal conclusions. The particular subject matter of the suit is new in this state and we do not find that the remedy by injunction has been resorted to in many jurisdictions. This scarcity of legal precedents is no doubt due to the fact that it is universally recognized that one must meet certain statutory requirements and be admitted and have a license before entering upon the practice of law. The few individuals, firms, and corporations which have thought otherwise, in most instances, were summarily dealt with as for contempt of the court having the power to prescribe the rules and regulations for admission to the bar. See case, Rhode Island Bar Assn. v. Auto Assn., 55 R. I. 122, 179 Atl. 139, 100 A. L. R. 226, extended annotations at page 236. See, also, as bearing on this question, In re Morse, 98 Vt. 85, 126 Atl. 550, 36 A. L. R. 527; People v. Peoples State Bk., 344 Ill. 462, 176 N. E. 901; State ex rel. Wright v. Barlow, 131 Neb. 294, 268 N. W. 95; People

ex rel.. Ill. St. Bar. Assn. v. Motors Assn. of Ill., 354 Ill. 595, 188 N. E. 827.

However, respondent is not without legal precedent to support plaintiffs' right to maintain suit in equity for injunctive relief against persons encroaching upon their exclusive rights under their license or franchise to practice law. In the case of Paul et al. v. Stanley, 168 Wash. 371, 12 Pac. 2d 401, there was a suit very similar to the instant equity case. In the state of Washington there was a statute prohibiting persons other than those granted a license from practicing law and providing a penalty for violation of said law and the Washington Court said:

"In the case of State ex rel. Rohde v. Sachs, 2 Wash. 373, 26 P. 865, 866, 26 Am. St. Rep. 857, the court held the right of an attorney to appear in court as an attorney of that tribunal 'was property, and could not be taken from him excepting by due process of law. * * *' Walker v. Stone, 17 Wash. 578, 50 P. 488, 489, involved a principle similar to that being here considered. There the court decided that a license to fish, granted by the state, is a franchise, and the holder thereof is entitled to · maintain an action for injunction against any infraction of his rights. In the course of its opinion in that case the court said: 'The fact that it is deemed a misdemeanor does not militate against its protection in equity. The respondent, having a license and constructing his net, was entitled to an injunction against any infraction of the rights under his franchise.'

"So, in the case at bar, the mere fact that the practice of law without a license is punishable criminally does not prevent equitable relief to plaintiffs."

So, in this state, where there is no criminal statute and no statute prohibiting the practice of law without a license, there is all the more reason for invoking the powers of a court of equity.

There is another well considered case, Dworken v. Apt. House Owners Assn. of Cleveland, (1931) 38 Ohio App. 265, 176 N. E. 577, in which case, the defendant, a corporation, undertook to furnish professional services to its customers by employing attorneys at law and maintaining a legal department and this was carried on for a number of years. Finally, Dworken, a practicing attorney instituted an action in the common pleas court for the benefit of himself and all other attorneys at law

similarly situated and on behalf of the public and courts of Cuyahoga County to enjoin the defendant from engaging in the practice of law and the Supreme Court of Ohio, in this case, held that the fact that illegal practice of law by a corporation was punishable criminally does not constitute adequate remedy barring equitable relief against an invasion of the franchise rights of a practicing attorney at law and others similarly situated; that the right to practice law is an exclusive, valuable privilege sufficient to authorize attorneys to secure equitable relief against encroachment on rights by a corporation. We quote the following from said opinion:

" 'Equity, like the law, has growth.' As stated in Lawrence on Equity Jurisprudence, page 82: 'The courts of equity should adapt their practice as far as possible to the existing state of society and apply its jurisdiction to all those new cases which from the progress daily making in the affairs of men must continually arise.'

"We are of the opinion that the plaintiff and those similarly situated as members of the legal profession have an interest in the nature of the property right such as will support the authority of the plaintiff in this action to proceed as a proper party."

We think the language just quoted announces a sound principle. See, also, as bearing on this question, Unger v. Landlords' Management Corp. (1933) 114 N. J. Eq. 68, 168 A. 229, wherein the N. J. Eq. court said:

"Likewise, the jurisdiction of the Court of Chancery to enjoin a threatened irreparable injury to property, although it may involve a crime, is settled. Cumberland Glass Manf. Co. v. Glass Bottle Blowers' Assn., 59 N. J. Eq. 49, 56, 46 A. 208; hence it is immaterial that one who practices law without a license commits a criminal offense."

The same principle was involved in the case of Fitchette v. Taylor, (1934) 191 Minn. 582, 254 N. W. 910, 94 A. L. R. 356, wherein the Minnesota court said:

"It is not a single act that is complained of. It is a series of doings amounting to a well-settled custom which defendant would continue if he were not enjoined. That such a course of conduct would be unlawful is obvious. While the traditional office of an

injunction is the protection of property or rights of property, there is a noticeable absence of judicial attempt so to enumerate the subjects of the remedy or delimit its field as to hamper the power of equity to grant injunctional relief where obviously it is needed in the interests of justice. The thought of the courts has been 'that it is impossible to foresee all the exigencies of society which may require their aid and assistance to protect rights or redress wrongs. * * * Interposition by restraining order is a matter of growth and keeps pace with advancing civilization' so that the courts are continually and properly finding new subjects for injunctional relief. 14 R. C. L. 365. But in this case we do not perceive that we are in a new or strange field of injunctional relief. Attorneys, as officers of court, exercise a privilege peculiar to themselves and not enjoyed by those outside of the profession. Hence, it is in a very real sense a franchise and property right. [Citing cases.] That is enough to show that these plaintiffs, suing not for themselves alone but for the benefit of all the affected members of their profession, are entitled to injunction to prevent the unlawful intrusion into their office and professional field of defendant Taylor. In such a case, the extent of the damage to the property right is unimportant. The existence or threat of real damage is enough to warrant relief.''

The proposition involved, in the instant proceeding, is well stated by attorney for respondent in the following language:

''Regardless of the question of who has the right to admit persons to practice, the question at issue in this case is whether or not persons, having been admitted to practice law, are thereby vested with an exclusive privilege to practice, which privilege a court of equity will protect from invasion by laymen. No technical question of jurisdiction or correlative powers is presented; only the simple question of whether or not plaintiffs and those similarly situated have a property interest in their exclusive privilege to practice law which a court of equity will protect from encroachment by a layman who brazenly ignores the statutory requirements for admission to the bar and seeks to enter upon the field of practice of a noble time honored profession, flaunting the authority of the same law he professes to practice.''

We see no legal obstacle in the way of the district court

taking cognizance of and determining such an issue. It is the judgment of this court that the writ should be and is quashed and annulled.—Writ annulled.

SAGER, C. J., and MITCHELL, KINTZINGER, RICHARDS, ANDERSON, STIGER, and MILLER, JJ., concur.

DONEGAN, J., takes no part.