**WESTERN INTERNATIONAL and
National Union Fire Insurance
Co., Appellants,**

v.

**Elizabeth E. KIRKPATRICK, Appellee.**

No. 86–1061.

Supreme Court of Iowa.

Nov. 12, 1986.

As Amended Nov. 25, 1986.

Sara Sersland of Nyemaster, Goode, McLaughlin, Emery & O'Brien, P.C., Des Moines, for appellants.

Harry W. Dahl III, Des Moines, for appellee.

Ray Sullins, Des Moines, for amicus curiae Iowa Small Business Employers, Workers' Compensation Group.

Thomas J. Miller, Atty. Gen., and Elizabeth M. Osenbaugh, Deputy Atty. Gen., for amicus curiae Attorney General of Iowa.

Arthur C. Hedburg, Jr., Des Moines, for amicus curiae Iowa Federation of Labor, AFL–CIO.

Dan L. Dudley of Murray, Davoren & Dudley, Des Moines, and Ann M. Ver Heul, Des Moines, for amicus curiae Donald Avenson, Speaker of the Iowa House, C.W. (Bill) Hutchins, Senate Majority Leader, and Calvin O. Hultman, Senate Minority Leader of the 71st General Assembly.

James E. Thorn, Council Bluffs, and Dennis L. Eaton, Des Moines, for amicus curiae Iowa Workers' Compensation Advisory Committee.

McGIVERIN, Justice.

Does recently enacted legislation providing for appeal in workers' compensation cases from the industrial commissioner's decision directly to this court violate certain provisions of the Iowa Constitution? We conclude that it does.

The issue necessarily was raised by a motion filed in this court by petitioners Western International and National Union Fire Insurance Co. The motion requested that we rule whether petitioners' appeal and petition for judicial review of the agency decision by the Iowa industrial commissioner in this workers' compensation case was properly before this court or whether the district court on judicial review would be the proper forum for review of the commissioner's decision. The answer depends on the constitutional validity of recent amendments to Iowa Code sections 86.24 and 86.26 (1985).

We set petitioners' motion for hearing and invited the parties and all other interested persons to submit briefs as to the constitutionality of the amending legislation. Respondent-claimant Elizabeth E. Kirkpatrick contends the legislation violates our constitution in several respects. Petitioners take no position, while amici curiae divide on both sides of the issues. The matter has been duly submitted.

I. *Background facts and procedures.* Effective on July 1, 1986, the legislature enacted, and the governor approved, House File 2066. 1986 Iowa Legis.Serv. 7–126 (West). Sections 46 through 49 of that legislation purported to amend Iowa Code sections 86.24 and 86.26. The thrust of the amendments is to provide review by a direct appeal to this court from agency decisions in workers' compensation cases rather than by judicial review petition to district court as provided by the Iowa Administrative Procedure Act, Iowa Code chapter 17A.

Iowa Code section 86.26 (1985) provides:

Judicial review of decisions or orders of the industrial commissioner may be sought in accordance with the terms of chapter 17A. Notwithstanding the terms of chapter 17A, petitions for judicial review may be filed in the district court of the county in which the hearing under section 86.17 was held. Such a review proceeding shall be accorded priority over other matters pending before the district court.

Section 46 of House File 2066, the 1986 legislation, would amend Iowa Code section 86.24, concerning decisions by the industrial commissioner, by adding a new subsection as follows:

5. The decision of the industrial commissioner is final agency action and an appeal of the decision shall be made directly to the supreme court.

Section 47 of House File 2066 would amend Iowa Code section 86.26 to provide as follows:

Judicial review of decisions or orders of the industrial commissioner shall not be to the district court but shall be made directly to the supreme court, notwithstanding chapter 17A, the Iowa administrative procedure act. Petitions for judicial review shall be filed with the clerk of the supreme court as are other actions for appeal or review. The supreme court may transfer the action to the court of appeals.

Sections 46 through 49 were a package of provisions concerning workers' compensation appeals and costs. The package contained several substantive and procedural changes to prior statutes. The sections were a portion of a sixty-one section "code corrections" act, House File 2066, that was entitled:

An act relating to code corrections which adjust and correct earlier omissions and inaccuracies, remove inconsistencies, and reflect or alter current practices, and providing penalties.

In considering the constitutionality of sections 46 through 49 of House File 2066, we address the following questions:

1. Does the legislation violate the appellate role of the supreme court designated in article V, section 4 of the Iowa Constitution?

2. Does the legislation violate the single subject and title provisions of article III, section 29 of the Iowa Constitution?

II. *Appellate role of the supreme court.* The jurisdiction of the supreme court is set out in article V, section 4 of the Iowa Constitution, which provides:

> The supreme court shall have appellate jurisdiction only in cases in chancery, and shall constitute a court for the correction of errors at law, under such restrictions as the general assembly may, by law, prescribe; and shall have power to issue all writs and process necessary to secure justice to parties, and shall exercise a supervisory and administrative control over all inferior judicial tribunals throughout the state.

This constitutional provision specifies the original and appellate jurisdiction of this court.

■ A. *Original jurisdiction.* We have previously noted that the original jurisdiction of this court is limited to the supervision of inferior judicial tribunals.[1] *Iowa Civil Liberties Union v. Critelli*, 244 N.W.2d 564, 566 (Iowa 1976). The supervisory power should only be exercised as (a) "a check on jurisdiction" and (b) "a guaranty of a means of review when without it substantial justice could not be had." *Hohl v. Board of Education*, 250 Iowa 502, 508, 94 N.W.2d 787, 791 (1959).

Respondent-claimant Kirkpatrick asserts that section 47 of House File 2066, providing for direct appeal of industrial commissioner contested case decisions, would result in an unconstitutional exercise of the court's original jurisdiction. She argues the industrial commissioner in deciding cases is performing a quasi-judicial function; however, the agency is not, in fact, an inferior judicial tribunal.

We have addressed the issue of whether an administrative agency is to be regarded as an inferior judicial tribunal a number of times. In *Independent School District v. Samuelson*, 220 Iowa 170, 262 N.W. 169

(1935), the petitioner for a writ of certiorari wanted the supreme court to determine whether the state superintendent of public instruction was required to review a school board's cancellation of a teacher's contract. In response to this question, we stated:

> This court exercises no supervisory control over those officers [state superintendent of public instruction and county superintendent of the school district]. They are not inferior judicial tribunals. They are executive officers of the state and belong to the executive department of the state government.
>
> . . . .
>
> ... This court is without jurisdiction to issue a writ of certiorari except to inferior judicial tribunals. Its power to require that proceedings be certified to this court for review is limited to judicial tribunals over which it exercises appellate and supervisory jurisdiction. The petitioner has misconceived his remedy. He should have applied to the district court for the writ. If the decision of the district court on the return of the writ is unsatisfactory, he may have it reviewed by this court on appeal.

*Id.* at 172, 262 N.W. at 170. We thereby determined that this court cannot constitutionally exercise its supervisory power over an administrative agency.

Three 1959 cases decided by this court further support the proposition that the supreme court cannot exercise original jurisdiction over the appeal from an agency decision. In *Hohl*, individuals sought to appeal a decision of the department of public instruction, fixing the boundaries of a proposed school district. 250 Iowa at 503, 94 N.W.2d at 788. The individuals successfully petitioned the district court for a writ of certiorari. The department appealed to this court from the grant of the writ. We acknowledged jurisdiction of the matter. *Id.* at 505, 94 N.W.2d at 789. The jurisdiction exercised in *Hohl* was clearly appellate, reviewing the action of the district court granting the writ of certiorari, rather

---

1. This court's original jurisdiction has also been used to review actions concerning the composition of a judicial tribunal. *Welty v. McMahon*, 316 N.W.2d 836, 838 (Iowa 1982).

than supervisory or original on our part. This decision squares with *Samuelson* in that the initial review of the agency decision should occur in the district court with an appeal to the supreme court to correct errors at law.

The school district in the case of *In re Proposed Community School District of Malvern*, 250 Iowa 1240, 1246, 98 N.W.2d 737, 741 (1959), argued that the action of the county school board was quasi-judicial; thus the district court could substitute its judgment for that of the board without violating the constitutional provision requiring the separation of powers. Iowa Const. art. III, § 1. We stated, "That the action of the board might be termed quasi-judicial would not remove it from the legislative category or make it, in fact, judicial." 250 Iowa at 1246, 98 N.W.2d at 741. Therefore, we distinguished between the judiciary and the quasi-judicial functions of an administrative agency.

We set this distinction out more clearly in the case of *In re Proposed Community School District of Farragut*, 250 Iowa 1324, 98 N.W.2d 888 (1959). We stated:

[W]e think the ordinary appeal from a decision of an administrative tribunal to the courts is not to be regarded as a real judicial appeal. It is, in effect, nothing more than a means of getting the matter before the trial court as an original proceeding and for an original judgment.

. . . .

. . . "It is not an 'appeal' in the sense of a transfer of jurisdiction from one court to another, but simply provides 'a process, under the misleading name of appeal, for invoking the judicial power to determine . . . the legality of an act done by the officers of another department.' "

*Id.* at 1328–29, 98 N.W.2d at 890–91 (quoting *DeFlumeri v. Sunderland*, 109 Conn. 583, 585, 145 A. 48, 49 (1929)). We acknowledged that the legislature may enact statutes regulating procedure and pleading for these proceedings. *Id.* at 1329, 98 N.W.2d at 891.

■ Article V, section 4 of the Iowa Constitution states this court "shall exercise a supervisory and administrative control over all *inferior judicial tribunals* throughout the state." (Emphasis added.) We conclude, based on our prior cases, that an administrative agency is not an "inferior judicial tribunal" for purposes of article V, section 4. This "appeal" is actually an original proceeding in the courts; therefore, taking this case would result in an unconstitutional exercise of original jurisdiction by the supreme court.

B. *Appellate jurisdiction.* Kirkpatrick, at oral argument before us, argued in the alternative that the exercise of jurisdiction by this court over the direct appeals from the industrial commissioner's contested case decisions would exceed this court's appellate jurisdiction as stated in article V, section 4. Some of the amici curiae have stated the jurisdiction of this court would not be original because this court would not be making the initial determinations of fact and law.

■ We have previously stated that workers' compensation reviews are appellate in nature. *Iowa Public Service Co. v. Iowa State Commerce Commission*, 263 N.W.2d 766, 768 (Iowa 1978); *Minnesota Valley Canning Co. v. Rehnblom*, 242 Iowa 1112, 1116, 49 N.W.2d 553, 554 (1951). This proposition remains true, even in view of our holding in subdivision A above. The district court on judicial review of an industrial commissioner's decision reviews the record made in the proceeding below. Iowa Code § 17A.19(7). This is similar to, but not the same as, our review for errors of law of a district court decision. Iowa Const. art. V, § 4. Judicial review of administrative agency action also differs from an appeal in that ordinarily the agency becomes a party to the review and argues to sustain its action, while a trial court rendering an opinion does not participate in an appeal from its decision. *Cedar Rapids Human Rights Commission v. Cedar Rapids Community School District*, 222 N.W.2d 391, 397 (Iowa 1974). *But see* Iowa Code § 86.29 (industrial commissioner not a party to judicial review proceedings). Thus judicial review of administrative

agency action is not truly an appeal. The review is only appellate in nature.

■ We have also stated that the legislature may set terms and conditions for appeal. This power is expressly reserved to the legislature in article V, section 4. This constitutional provision allows the general assembly to prescribe restrictions on the supreme court's appellate jurisdiction. Sections 46 through 49 of House File 2066 do not restrict the appellate jurisdiction of the supreme court, rather they enlarge or expand the court's jurisdiction. A well-settled principle of Iowa constitutional law is that the legislature cannot expand or enlarge the supreme court's appellate jurisdiction. *State v. O'Donnell*, 176 Iowa 337, 345, 157 N.W. 870, 873 (1916) (statute which allowed supreme court on review of murder conviction to weigh evidence, determine the degree of guilt and fix the punishment unconstitutionally enlarged our granted powers); *Powell v. Spaulding*, 3 Greene 417, 418 (Iowa 1852) (statute that we deemed unconstitutional allowed this court to review district court action where no other remedy was given at law. We held that this court could not exercise this enlarged jurisdictional power because it was expressly inhibited by the constitution.).

■ Article V, section 4 of the Iowa Constitution reserves to the general assembly the power to restrict the appellate jurisdiction of this court. The legislation challenged here, House File 2066 sections 46 through 49, goes beyond the general assembly's power to restrict the supreme court's jurisdiction. We conclude sections 46 through 49 of House File 2066 violate article V, section 4 in that they unconstitutionally expand this court's jurisdiction.

III. *Subject and title requirements.* The Iowa Constitution also sets certain other requirements for the validity of legislative enactments. Article III, section 29 sets out two such requirements as follows:

> Every act shall embrace but one subject, and matters properly connected therewith; which subject shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title.

This provision has two distinct yet inseparable components: the single subject and the title requirements.

■ A. *One subject rule.* General rules for analyzing whether an enactment relates to more than one subject can be found in *Long v. Board of Supervisors*, 258 Iowa 1278, 142 N.W.2d 378 (1966). Two subjects may not be covered by one act unless the subjects can be considered related to or connected with one another. *Id.* at 1283, 142 N.W.2d at 381. The constitutional provision is to be given a liberal construction. *Id.* It is unimportant that matters within the single subject might more logically be classified as separate subjects if they are nevertheless germane to a single subject. *Id.* The "one subject" rule is in place to prevent logrolling and to facilitate orderly legislative procedure. *Id.; see Green v. City of Cascade*, 231 N.W.2d 882, 886 (1975).

It has been argued that House File 2066 embraces numerous subject matters in carrying out its purpose as a code corrections bill. Iowa Code section 14.6(1) gives the code editor the duty of recommending to the legislature that it amend, revise and codify code sections which are conflicting, redundant or ambiguous. In carrying out this obligation, the code editor proposes an omnibus bill that makes technical corrections throughout the code. The omnibus bill generally deals with non-substantive changes in the code.

Because the Act contains both code corrections [2] and the substantive changes

---

**2.** Some examples from House File 2066 would be illustrative of its non-substantive changes and lexicographical nature. Section 23 of House File 2066 deleted the word "following" from Iowa Code section 565A.2(1)(c) and re-placed it with the word "followed." Section 30 of House File 2066 substituted the words "is absent from" for the word "leaves" in Iowa Code section 719.4(3). Numerous sections of House File 2066 inserted references in one Code sec-

found in sections 46 through 49 of House File 2066, Kirkpatrick argues that it embraces more than one subject. Despite the omnibus nature of the Act, she would not strike the Act if all the changes were non-substantive code corrections; however, that is not the case here.

■ Following Kirkpatrick's reasoning, we can still effectuate the intent of the legislature in providing for a code corrections bill to keep the code in order. Only when that type of bill also incorporates substantive changes, as here, do we have to strike portions of a challenged bill which violate article III, section 29. Therefore, we conclude sections 46 through 49 of House File 2066 violate the single subject requirement of the Iowa Constitution by providing for substantive changes in a code corrections bill.

B. *Sufficiency of title.* Kirkpatrick also asserts that sections 46 through 49 of House File 2066 fail to satisfy the title requirement of article III, section 29. Specifically she claims the title fails to give reasonable notice of the change in the workers' compensation appeal process, and it also misleads the reader as to the subject of the Act by being entitled a "code corrections" bill.

■ While this legislation is given the benefit of a presumption of constitutionality, *State v. Nickelson,* 169 N.W.2d 832, 834 (Iowa 1969), we must insure the purpose of the title requirement is not frustrated. The purpose of the requirement is to guarantee that reasonable notice is given to legislators and the public of the inclusion of provisions in a proposed bill; thus it is said to prevent surprise and fraud. *Long v. Board of Supervisors,* 258 Iowa at 1284, 142 N.W.2d at 381; *see Chicago, Rock Island & Pacific Railway Co. v. Streepy,* 207 Iowa 851, 856, 224 N.W. 41, 43 (1929); *Des Moines National Bank v. Fairweather,* 191 Iowa 1240, 1248, 181 N.W. 459, 461 (1921); *Rex Lumber Co. v. Reed,* 107 Iowa 111, 113–14, 77 N.W. 572, 573–74 (1898).

■ A title is sufficient, even though it is broad, if it gives fair notice of a provision in the body of an act. *Streepy,* 207 Iowa at 856, 224 N.W. at 43. The enactment is constitutionally valid as to the title unless matter utterly incongruous to the general subject of the statute is buried in the act. *Witmer v. Polk County,* 222 Iowa 1075, 1085, 270 N.W. 323, 328 (1936). In *State v. Talerico,* 227 Iowa 1315, 1322, 290 N.W. 660, 663 (1940), we stated, "[T]he title need not be an index or epitome of the act or its details. The subject of the bill need not be specifically and exactly expressed in the title." The title must, however, give fair notice of the act's subject and it must not deceive its reader. *See State v. Nickelson,* 169 N.W.2d at 834; N. Singer, *Sutherland Statutory Construction* § 18.10 (C. Sands 4th ed. 1985) (Generality of the title is not reason enough to strike the act unless the title is misleading or deceptive.). "In determining the sufficiency of a title, courts examine whether anyone reading the title of an act could reasonably assume that the reader would be apprised of all of its material provisions." 1984 Op.Iowa Att'y Gen. 173.

In *Lee Enterprises, Inc. v. Iowa State Tax Commission,* 162 N.W.2d 730 (Iowa 1968), we analyzed the title of an act modifying the applicability of the state sales and use tax. The title of the act specifically stated it was a "modification of existing sales and use taxes." We concluded this language in the title was sufficient to meet the title challenge. 162 N.W.2d at 738.

■ In this case, however, the language of the title is not nearly as informative. It states it is a code corrections bill altering current practices, but does not enlighten the reader as to what practices are being changed. There is no indication in the title of House File 2066 that the enactment effected a change in workers' compensation law or in appellate procedure involving workers' compensation cases and the Iowa Administrative Procedure Act. These provisions are buried in the middle of a sixty-one section enactment which

tion to another Code section for definitional purposes. *E.g.,* H.F. 2066 § 5.

could fairly be said to make otherwise lexicographical changes. The reader of the title is not informed that a drastic change in the workers' compensation law will result from this bill's enactment. The title of House File 2066 clearly is vague and misleading, thus violating the mandate of article III, section 29.

"When it is clear that [article III, section 29] of the Constitution has been disregarded, we must not hesitate to proclaim the supremacy of the Constitution." *Streepy*, 207 Iowa at 855–56, 224 N.W. at 43. We are satisfied that the title here did not meet the constitutional requirements; therefore, we conclude the challenged provisions, sections 46 through 49 of House File 2066, are unconstitutional as violative of article III, section 29.

██ IV. *The effective means of reviewing the industrial commissioner's decision.* Because we conclude that sections 46 through 49 of House File 2066 violate the Iowa Constitution, they are stricken and of no effect as amendments to the code. Iowa Code sections 86.24 and 86.26 (1985) remain in effect. *See Talbott v. City of Des Moines*, 218 Iowa 1397, 1400, 257 N.W. 393, 395 (1934) ("Former act remains in force when the unconstitutional amendment is declared void."); *Sutherland Statutory Construction* § 2.07 ("A decision holding a statutory provision invalid has the effect of reactivating a prior statute which the invalid act had displaced."). Judicial review of the industrial commissioner's decision may be sought in district court in accordance with Iowa Code chapter 17A. Iowa Code § 86.26.

██ Other provisions of House File 2066 are not affected by our decision. Article III, section 29, discussed in division III above, contains a severability clause that limits the effect of a finding of unconstitutionality to those subjects not expressed in the title. The single subject provision of article III, section 29 generally requires that an act incorporating more than one subject must be wholly invalidated. *Green v. City of Cascade*, 231 N.W.2d at 887. This rule is inapplicable where one of the subjects of the act is its main focus, while another is only secondary. *Id.* When we can ascertain which of the two provisions the legislature would have enacted, we can uphold the legislative intent by striking only the secondary subject. Here, we have concluded that the focus of the Act was code corrections; therefore we can limit our ruling of unconstitutionality to those provisions, sections 46 through 49 of House File 2066, that do not relate to code corrections.

Also, under division II of this opinion, addressing article V, section 4, we need only strike those provisions that improperly expand the jurisdiction of this court. *See City of Council Bluffs v. Cain*, 342 N.W.2d 810, 815 (Iowa 1983) (If part of a statute is unconstitutional, the court must sustain the remaining portion if it is a viable expression of legislative intent.); *State v. Monroe*, 236 N.W.2d 24, 35 (Iowa 1975) (The court must sustain as much of the act as possible, if a portion is found unconstitutional.). Therefore, we invalidate only sections 46 through 49 of House File 2066. 1986 Iowa Legis.Serv. 7–142 to 7–143.

V. *Disposition.* Based on the prior reasoning, we conclude in regard to petitioners' motion that we do not properly have jurisdiction over petitioners' appeal and petition for judicial review from the industrial commissioner's decision. Petitioners' motion states they also filed a petition for judicial review in the district court for Polk County, which we conclude is the proper forum under Iowa Code section 86.-26 and chapter 17A (1985) to review the commissioner's decision under this record. Our prior stay order, as to further proceedings in the district court judicial review action, number AA–1068, is lifted.

Independently of any other petition filed in district court, petitioners' appeal and petition for judicial review in this court triggered the judicial review process and gave notice thereof to respondent. We transfer the judicial review petition in this case to the district court for Polk County for further appropriate proceedings. Petitioners

shall be responsible for filing of any necessary additional papers and payment of any costs in district court.

CASE TRANSFERRED TO DISTRICT COURT.

All Justices concur except WOLLE and CARTER, JJ., who concur only in divisions I and II and the result.

WOLLE, Justice (concurring specially).

I concur in the result and disposition of this case based on Divisions I and II of the majority opinion. The legislation here challenged violates article V, section 4 of the Iowa Constitution.

I would not address the Division III constitutional issues because Divisions I and II are entirely dispositive of the case.

CARTER, J., joins this special concurrence.