**STATE of Iowa, Appellee,**

v.

**IOWA DISTRICT COURT Appellant.**

No. 86–819.

Supreme Court of Iowa.

Aug. 19, 1987.

Dennis P. Fitzgerald of Crotty & Fitzgerald, Pocahontas, for appellant.

H. Dale Huffman, Pocahontas Co. Atty., and Lee E. Poppen, Wright Co. Atty., for appellee.

Considered by REYNOLDSON, C.J., and HARRIS, LARSON, LAVORATO, and NEUMAN, JJ.

REYNOLDSON, Chief Justice.

Section 7 of House File 2472, enacted by the legislature in 1984, in relevant part removed from judicial magistrates jurisdiction over first offense violations of Iowa Code section 321.281 (1983), operating a motor vehicle while intoxicated or drugged.[1] District court, the Honorable Newt Draheim presiding, held this provision unconstitutional, concluding it violated the single subject, sufficiency of title provision of the Iowa Constitution. *See* Iowa Const. art. III, § 29. We affirm.[2]

House File 2472 became effective July 1, 1984. In section 7 the legislature struck that portion of Iowa Code section 602.6405 (Supp.1983) that provided "[magistrates] ... have jurisdiction of first offense violations of section 321.281 but only to the extent that they may approve trial informations, conduct arraignments, accept guilty pleas if the defendant is represented by legal counsel, sentence those pleading guilty and make appropriate orders authorized by section 321.283." 1984 Iowa Acts ch. 1275, § 7.

In 1986 the State requested Magistrate Donald Winkler to approve a trial information in a prosecution for first offense driving while intoxicated. *See* Iowa R.Crim.P. 5(4). The magistrate refused to approve the trial information on the ground he no longer had jurisdiction to do so.

The State then initiated a declaratory judgment action, alleging the magistrate did have the requisite jurisdiction because section 7 of the 1984 act, to the extent it removed magistrates' jurisdiction over section 321.281 violations, was unconstitutional under article III, section 29, of the Iowa Constitution.

By agreement, the case was submitted on the State's pleadings. The State presented no evidence and Magistrate Winkler filed no answer.

District court declared unconstitutional that portion of section 7 that removed mag-

---

1. The substance of § 321.281 is now codified at Iowa Code § 321J.2 (1987).

2. A portion of § 7 expands magistrates' jurisdiction to include violations of Iowa Code § 123.-49(2)(h) (1983) (providing alcohol to underage individuals). The facts giving rise to this action implicate only the portion of § 7 that removed magistrates' jurisdiction over first offense driv-

ing while intoxicated offenses. The issues raised in district court and here do not involve any other language in § 7. We interpret district court's ruling to address only the first offense jurisdictional issue in § 7, and we do not reach the question of the constitutionality of that portion that expands the jurisdiction of magistrates over Iowa Code § 123.49(2)(h) (1983) violations.

istrates' jurisdiction to hear section 321.281 violations.

Magistrate Winkler's appeal is grounded on the requirements imposed on all legislation by article III, section 29, of the Iowa Constitution. This section provides:

> Every act shall embrace but one subject, and matters properly connected therewith; which subject shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title.

Iowa Const. art. III, § 29. We recently pointed out "[t]his provision has two distinct yet inseparable components: the single subject and the title requirements." *Western Int'l & Nat'l Union Fire Ins. Co. v. Kirkpatrick*, 396 N.W.2d 359, 365 (Iowa 1986); *see also Motor Club of Iowa v. Department of Transp.*, 265 N.W.2d 151, 152–53 (Iowa 1978).

■ These two requirements serve several purposes. The single subject requirement is primarily intended to prevent "logrolling." *Western Int'l*, 396 N.W.2d at 364. Logrolling occurs when a provision unrelated to the core of a bill and not itself capable of obtaining majority support is tied to a popular bill having majority support. Logrolling also occurs when several matters, none of which individually has majority support, are joined in one bill and passage procured by combining the minority in favor of each into a majority willing to enact them all. *See Motor Club of Iowa*, 265 N.W.2d at 152; *Long v. Board of Supervisors*, 258 Iowa 1278, 1284, 142 N.W.2d 378, 382 (1966).

The single subject limitation of article III, section 29, also facilitates an orderly legislative process. *Western Int'l*, 396 N.W.2d at 364. As we wrote in *Long:* "By limiting each bill to a single subject, the issues presented by each bill can be better grasped and more intelligently discussed by the legislators." 258 Iowa at 1284, 142 N.W.2d at 382.

■ In determining whether the single subject requirement has been complied with, we construe the enactment liberally in favor of its constitutionality. *Western Int'l*, 396 N.W.2d at 364. As a result, to be held unconstitutional, an act must encompass two or more dissimilar or discordant subjects that have no reasonable connection or relation to each other. *Long*, 258 Iowa at 1282–83, 142 N.W.2d at 381. Further, when matters grouped as a single subject might more reasonably be classified as separate subjects, no violation occurs if these matters are nonetheless relevant to some single more broadly stated subject. *Western Int'l*, 396 N.W.2d at 364.

The title requirement of article III, section 29, serves a separate purpose. By mandating the act's subject be expressed in its title, legislators and citizens alike are given notice of its contents, reducing the possibility of legislation by surprise or fraud. *See Western Int'l*, 396 N.W.2d at 365; *State v. Social Hygiene, Inc.*, 261 Iowa 914, 919, 156 N.W.2d 288, 291 (1968); *Chicago, R.I. & Pa. Ry. v. Streepy*, 207 Iowa 851, 855, 224 N.W. 41, 43 (1929).

■ In examining the sufficiency of an act's title, we likewise favor a finding of constitutionality. *Western Int'l*, 396 N.W.2d at 365. In discussing this requirement, we there wrote:

> A title is sufficient, even though it is broad, if it gives fair notice of a provision in the body of an act. *Streepy*, 207 Iowa at 856, 224 N.W. at 43. The enactment is constitutionally valid as to the title unless matter utterly incongruous to the general subject of the statute is buried in the act. *Witmer v. Polk County*, 222 Iowa 1075, 1085, 270 N.W. 323, 328 (1936). In *State v. Talerico*, 227 Iowa 1315, 1322, 290 N.W. 660, 663 (1940), we stated, "[T]he title need not be an index or epitome of the act or its details. The subject of the bill need not be specifically and exactly expressed in the title." The title must, however, give fair notice of the act's subject and it must not deceive its reader. *See State v. Nickelson*, 169 N.W.2d at 834; N. Singer, *Sutherland Statutory Construction* § 18.10 (C. Sands 4th ed. 1985) (Generality of the title is not reason enough to strike the

act unless the title is misleading or deceptive.). "In determining the sufficiency of a title, courts examine whether anyone reading the title of an act could reasonably assume that the reader would be apprised of all its material provisions." 1984 Op. Iowa Att'y Gen. 173. *Id.* In the final analysis, "[t]he purpose of the [title] requirement is to guarantee that reasonable notice is given to legislators and the public of the inclusion of provisions in a proposed bill." *Id.*

Holding these principles in mind, we consider first whether House File 2472 encompasses but a single legislative subject.

I. Section 1 of the act generally prohibits individuals from operating a motor vehicle while in possession of open containers of alcohol. *See* Iowa Code § 123.28 (1985). Sections 2, 3, and 5 address the Sunday sale of alcohol and beer. *See id.* §§ 123.-36(6), .49(2)(b), .134(5) (1985). Section 4 of the act makes it a serious misdemeanor for individuals other than licensees, permittees, or minors to provide alcohol or beer to individuals not of legal age. *See id.* § 123.50(4). Section 6 requires district court judges to notify the parents of children who appear before them for illegal possession of alcohol or beer. *See id.* § 232.8(1).

This brings us to section 7 of the bill, which amends Iowa Code section 602.-6405(1) (Supp.1983). Section 7 first removes magistrates' jurisdiction over first offense driving while intoxicated violations. *Compare* Iowa Code § 602.6405(1) (Supp. 1983) *with* Iowa Code § 602.6405(1) (1985). Section 7, however, also expands magistrates' jurisdiction to include violations of Iowa Code sections 123.47 and 123.49(2)(h). These two sections prohibit individuals and entities, both those which hold and those which do not hold liquor licenses or permits, from providing alcohol and beer to individuals not of legal age. *See* Iowa Code §§ 123.47, .49(2)(h), 602.6405(1) (1985).

■ Although the provisions of House File 2472 cover various topics, each provision broadly deals directly or indirectly with the regulation of alcohol. Section 1 deals with the transportation of *alcohol;*

sections 2, 3, and 5 deal with the Sunday sale of *alcohol;* sections 4, 6, and part of 7 address the area of minors and *alcohol;* the balance of section 7 concerns magistrates' jurisdiction over first offense driving while intoxicated by *alcohol.* We conclude these provisions, although perhaps more naturally separated into several different acts, are rationally related to the regulation of alcohol and its consumption or possession. *See Western Int'l,* 396 N.W.2d at 364; *Long,* 258 Iowa at 1282–83, 142 N.W.2d at 381. We therefore hold House File 2472 meets the single subject limitation of article III, section 29.

■ II. We next consider whether the title given to House File 2472 adequately identifies the subject covered by the act and is sufficiently descriptive to place legislators and citizens on reasonable notice with respect to the material provisions included in the body of the act. *See Western Int'l,* 396 N.W.2d at 365.

Here, the legislature titled the act as follows:

AN ACT relating to the transportation of open containers of alcoholic beverages and beer, the hours of sale of alcoholic beverages and beer, the notification of parents or legal guardians of a child that appears before the court for a violation of section 123.47, the motor vehicle license or nonoperator's identification card ... issued to a person under nineteen years of age, and providing penalties.

1984 Iowa Acts ch. 1275.

We conclude the title given by the legislature provides fair notice the act addresses the regulation of alcohol and its consumption or possession. The controlling question is whether the manner in which the subject is expressed in the title places legislators and citizens alike on inquiry notice with respect to the act's material provisions.

■ We have observed that an act's title need not index each and every intimate detail of the act. However, this general rule carries less weight when, as here, the act in question covers a variety of topics only tangentially related to a broad general

subject matter. In simplest terms, as an act's provisions become more disjointed and less obviously related to each other, the legislature's obligation to provide greater specificity in the act's title necessarily increases. If reasonable guidance with respect to the act's material provisions is not provided by the title, the basic purpose of the title requirement (prevention of surprise and fraud) may be frustrated. *See Western Int'l & Nat'l Union Fire Ins. Co. v. Kirkpatrick*, 396 N.W.2d at 365.

■ We believe the act's title puts legislators and citizens alike on inquiry notice with respect to sections 1 through 6 and at least a portion of section 7. Section 1 deals with the "transportation of open containers of alcoholic beverages and beer." Sections 2, 3, and 5 of the act address "the hours of sale of alcoholic beverages and beer." Section 4 provides a "penalt[y]" for the violation of Iowa Code section 123.47. Section 6 requires district court judges to notify the "parents or legal guardian of a child that appears before the court for a violation of section 123.47." Section 7, to the extent it expands magistrates' jurisdiction to include violations of Iowa Code section 123.47, is related to the provision of "penalties" for violation of section 123.47, reasonable notice of which is given in the title.[3]

■ With respect to that portion of section 7 removing magistrates' jurisdiction over first offense driving while intoxicated, we agree with district court that this portion of section 7, which was included by the legislature only after the act's title was finally established, must be declared unconstitutional. Nothing in the act's title indicates first offense drunk driving will be addressed. No legislator or citizen reading the title could anticipate a provision dealing with first offense drunk driving, much less a provision dealing with magistrates' jurisdiction over such offenses, would be included in the act. Nor is this portion of section 7 directly or indirectly related to any other

provision mentioned in the title. We hold this portion of section 7 violates the title requirement of article III, section 29, and was properly struck by district court. The other provisions of House File 2472 remain unaffected by this decision. *See* Iowa Const. art. III, § 29 ("[I]f any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title."). Our determination in this opinion is supported by an opinion of the attorney general on the precise issue. *See* 1984 Op. Iowa Att'y Gen. 173.

We affirm the district court judgment declaring void that portion of section 7 removing magistrates' jurisdiction over first offense violations of Iowa Code section 321.281.

Costs are taxed to plaintiff.

AFFIRMED.

---

**3.** While the title mentions identification cards issued to persons under nineteen years of age, no provision addressing this portion of the title is included in the act. " 'The fact that the title contains matter not of the subject of the act, does not bring it in conflict with the constitu-

tional provision under consideration.' The constitutional section itself requires only that the subject be expressed in the title." *Knorr v. Beardsley*, 240 Iowa 828, 858, 38 N.W.2d 236, 252 (1949) (quoting *State v. Schroeder*, 51 Iowa 197, 201, 1 N.W. 431, 434 (1879)).